## BEAN *vs.* HOCKMAN and others.

A testator, by his will, among other things, devised to his executors all his real estate, excepting the farm devised to his wife, *in trust* to receive the rents and profits, and after providing that the same should be paid to his wife, and, on her death, in part to his daughter during her life, or until a division of the estate should take place as thereinafter provided, directed the executors, from the residue of such proceeds, to pay on account of the moneys due on bonds and mortgages such payments as they could, and to pay all indebtedness of the estate until the estate should be free, clear and discharged of and from all liens and incumbrances ; and until such payments could be made, the executors were authorized to invest such proceeds, from time to time. He also directed that after the estate was free of all liens and incumbrances, the executors should continue to receive all the rents and profits thereof, and to divide the residue of such proceeds among his children, and the issue of any that might be dead, yearly and every year, until all the issue then living, of his children, should have arrived at the age of twenty-one years

*Held* that none of the provisions of the will, for the accumulation of the rents and profits, were within the terms of the statute relative to accumulations ; and that the whole devise to the executors, in trust, was therefore void, and the estate vested in the children of the testator, in fee.

THIS was an action brought for a judicial construction of the will of William Hockman, late of Smithtown in the county of Suffolk, deceased, and to have certain trusts therein declared void. The will was executed on the 14th day of August, 1854, and the testator died June 17, 1856, leaving the same unaltered and unrevoked. The testator, after bequeathing to his wife all his household furniture and effects, and all his personal property, and a farm in Smithtown, with the farming utensils, stock, grain and crops thereon, devised and directed as follows : "*Item.* I give, devise and bequeath unto my executors hereinafter named all the real estate that I now own, or shall die possessed of, excepting the farm above named, upon the following trusts, that is to say : To receive all the rents, issues and profits thereof, and out of such proceeds to pay, first to my said said wife during her natural life, by quarter yearly payments, the one-third part of such proceeds towards her support and maintenance and towards the support and maintenance of my daughter Eliza, and after the death

HARVARD LAW LIBRARY 79

of my said wife, then out of such proceeds to pay to my daughter Eliza the sum of $400 yearly and every year during her natural life, or until a division of my estate as hereinafter provided, whichever event shall first happen.

*Secondly.* To pay all just charges which may accrue or grow due out of, or for, or on account of my said real estate, and all interests which shall or may accrue or fall due on any bond and mortgage, or either, for which my real estate shall or may be held liable; and,

*Thirdly,* from the residue of such proceeds, to make such payment or payments as they can on account of the principal sum of such bonds and mortgages, or some or one of them, until the whole are paid off, and to pay off all indebtedness of the said estate until the said estate is free, clear and discharged of and from all liens and incumbrances on account thereof; and until they can make such payment or payments, to invest the residue of such proceeds temporarily, from time to time, on good and safe security.

*Item.* I will and direct, after the death of my said wife, that the before named farm, farming utensils, and all and everything named and embraced in the third item of this my will, be divided by my said executors among my children then living, and the lawful issue of such of my children as shall then be dead, in the manner hereinafter specified for the division of my real estate; and in case it shall become necessary, for the purpose of making such division, to sell the said farm, it is my wish and desire that it shall become the property of some or one of my children, or the issue of some or one of them.

*Item.* It is my express will and desire that my said executors hereinafter named, or the survivor or survivors of them, shall after my hereinbefore named real estate shall be free and discharged of and from all liens and incumbrances whatsoever, to continue to receive all the said rents, issues and profits thereof, and out of the proceeds, after paying the amounts hereinbefore provided, and after paying all other just charges against my said estate, then to divide the residue of such pro-

ceeds, and if my said wife should then be dead, the residue of my personal estate among my children then living, and the lawful issue of such of my children as shall then be dead, in the manner hereinafter named for the final division of my real estate ; such residue of the proceeds arising from my said real estate to be divided by my said executors or the survivors or survivor of them, at least yearly and every year, until all the lawful issue then living of my children shall have arrived at the age of twenty-one years, then in further trust, as soon as conveniently may be thereafter, to divide all my real estate, and all the residue of the proceeds arising therefrom, equally, share and share alike, to and among such of my children as shall then be living, and the then living lawful issue of such of my children as shall then be dead, such issue to take the share or proportion that his or her or their parent would have taken if then living, and no more."

The testator left four children, and two grandchildren, the children of a deceased daughter, his heirs at law, him surviving, all of whom are now above the age of twenty-one years. The wife of the testator died after the making of the will, but before his death. The executors proved the will, and took upon themselves the execution thereof.

The complaint alleged that on the 18th of August, 1857, Thomas B. Pope, one of the children of Ann Pope the deceased daughter of the testator, for a valuable consideration, bargained and sold to the plaintiff all his right, title, interest, claim and demand both at law and in equity, and as well in possession as in expectancy, of, in and to the estate of the testator. The plaintiff thereupon brought this action, against the other heirs and the executors, of the testator, alleging that great doubts and difficulties had arisen as to the proper and legal construction of the will; that he had been advised by counsel, and believed, that all the trusts thereof were void, and all the material provisions thereof contrary to law and void; and praying for a construction thereof, and that the

same might be decreed and declared to be void, in whole or in part, &c.

The defendants put in an answer stating that the value of the personal estate, of which the testator died seised, did not exceed in value $1800; and that a part of said personal estate had been sold, and the balance distributed among the next of kin, and that all the debts of the testator, except those secured by mortgage, had been paid by the executors. They submitted that the trusts of the will were valid, and that all its provisions were in conformity with the laws and statutes of the state; and they demanded judgment that the will might be declared to be a good and valid will of real and personal estate, and that the complaint be dismissed.

*L. S. Chatfield,* for the plaintiff.

*J. R. Flanagan,* for the defendants.

INGRAHAM, J. The testator, among other things in his will, devised to his executors all his real estate, excepting the farm devised to his wife, in trust to receive the rents and profits, and after providing that the same be paid to his wife, and on her death, in part to his daughter during her life, or until a division of the estate should take place as thereinafter provided, directed the executors, from the residue of such proceeds, to pay, on account of the moneys due on bonds and mortgages, such payments as they could, and to pay all indebtedness of the estate until the estate should be free, clear and discharged of and from all liens and incumbrances; and until such payments could be made, the executors were authorized to invest such proceeds from time to time. He also directed that after the estate was free of all liens and incumbrances, the executors should continue to receive all the rents and profits thereof, and to divide the residue of such proceeds among his children and the issue of any that might be dead, yearly and every

year, until all the issue then living of his children should have arrived at the age of twenty-one years.

This action was commenced to have these trusts declared void.

The first objection, as to the payment to the daughter Eliza, is because its limitation is so connected with the other parts of the will, as to render it impracticable to carry it out if the remaining trust is not sustained. In regard to this bequest there is no difficulty. The intent of the testator evidently was that the payment to the daughter should only continue to the time when the estate should be divided. If the period fixed by him for the division of the property is changed, in consequence of the invalidity of any of the trusts, the time for the payment of this money from the income to the daughter must necessarily also cease; and whenever such division shall take place, whether under the will or sooner by the operation of the statute affecting the trust, at that time the payment to the daughter terminates.

The provision for accumulation is void, as made for a purpose not authorized by the statute. The only accumulation of rents and profits of lands allowed by law (3 *R. S. 5th. ed.* 17,) is for the benefit of minors then in being and during their minority, or in case such accumulation be directed to commence at a subsequent time, it shall terminate at the expiration of the minority of those who are to be benefited thereby. All other accumulations are declared void. The accumulations in this case are for the payment of debts and incumbrances of the estate, and then for the benefit of the children and the issue of any that might be dead, until all the grandchildren should arrive at age.

None of the provisions for this accumulation are within the terms of the statute. The provision for payment of debts is in fact to relieve the personal estate from being applied to this purpose, and necessarily results in an accumulation of money for subsequent distribution. It is also unlimited as to duration, except on payment of all the indebtedness of the estate, and when that will be, is uncertain. The residue of the time for

Bean *v.* Hockman.

which the executors are to receive the rents is during the minority of the grandchildren, but for the benefit of the children. But there is no accumulation, as the rents and proceeds are to be paid over to them as received by the executors.

The difficulty as to this devise is that the whole trust must fail because it is not made dependent on any lives then in being, but upon the lives of some then in being and upon the arrival at age of all the grandchildren, some of whom were not then in existence, I think there can be no doubt but that the devise in this case is not within the provisions of the statute. The power of alienation is suspended during the life of the wife, then during the life of the daughter Eliza, or until a division of the estate as afterwards provided, and after the death of Eliza it is still suspended until all the grandchildren arrive at the age of twenty one years, and is to be continued until there are no grandchildren living who shall be minors. It appears from the pleadings that there are now living eight or nine grandchildren, some of whom were born since the death of the testator, and that there is no probability of failure of issue as to any.

My conclusion is that this devise is void; and that the plaintiff is entitled to judgment declaring such trusts void, and that the estate vests in the children in fee.

Judgment accordingly.

[NEW YORK SPECIAL TERM, December, 23, 1859. *Ingraham*, Justice.]