## SUPREME COURT.

TRUMAN G. MATTESON agt. MARY D. MATTESON, executrix of HORATIO W. MATTESON, deceased, *et al.*

*Will — construction of — heir at law may bring the action.*

An action may be brought in equity by an heir at law interested in the estate and ask for the construction of, and an adjudication of, the will of the testator.

The testator gave and bequeathed to his widow, "M. D. M., one-half of all the income" of his real and personal estate, for the term of fifty years from the date of his decease, to use as she may think proper.

*Held*, that this bequest must be upheld as valid. It does not purport to give his wife the title to either the real or personal estate, but only the income thereof, therefore it is not an illegal suspension of the power of alienation under the statute.

The bequest by the testator "to my wife's father and mother, each $200 per year, and after them *the same* to my wife, M. D. M., for and during her life," *held* to be valid as an annuity to each — the father and the mother, and upon their decease, respectively, the widow took the amount bequeathed to each annuitant during her life.

*Oswego Special Term, June,* 1875.

THIS action was brought after the death of H. W. Matteson, the appointment of his widow under his will as executrix, and after she had qualified and entered upon her duties as such executrix, for the construction of the will of H. W. Matteson.

No proof was given as to the responsibility of the widow, nor as to fitness to carry out the will.

*W. A. Poucher,* for plaintiff.

*John M. Mattice,* for defendants.

Matteson agt. Matteson.

HARDIN, *J.* — It must be assumed in this case that the venue is properly laid. No question as to the propriety of the venue was properly raised upon the trial.

The plaintiff asked for a construction of the will of H. W. Matteson, deceased. A court of equity has jurisdiction and power to give construction of the will, as the parties are properly before the court and a trust is involved.

Such suit may be instituted by an heir at law interested in the estate, in the event that the will, or portions, are declared void. Such heir may come into court and ask for a construction of and an adjudication upon such will (*Harris* agt. *Dwight*, 46 *Barb.*, 471; *Walrath* agt. *Handy*, 24 *How.*, 353; 54 *Barb.*, 259). It must be held that this action is properly brought, and that a construction and adjudication upon the will may be had in this action.

The testator gave and bequeathed to his widow, " Mary D. Matteson, one-half of all the income " of his real and personal estate, for the term of fifty years from the date of his decease, to use as she may think proper.

The plaintiff insists that the provision is void, because he insists that it is an illegal suspension of the power of alienation.

It must be evident, upon reading the clause in question, that it does not purport to give the wife the title to either the personal or real estate. It simply provides that she shall receive " one-half" of all the income to use as she may think proper.

It entitles her to one-half of all the income of the personal and real during her natural life, if it shall terminate within fifty years.

The whole language of the testator, taken with the circumstances surrounding him and his estate, indicate such an intention and must be upheld (36 *N. Y.*, 543; 41 *N. Y.*, 334).

The bequest of an annuity to Henry Hamilton, of $200 per year for life, is good.

Matteson agt. Matteson.

The bequest to Maria Hamilton, of $200 per year for her life, is good during her life.

The bequest of the "same, after them," to the wife, Mary D. Matteson, for and during her life, is valid.   It is of two distinct annuities, viz., one to Henry, one to Maria; and then after their respective lives the annuity, thus terminated by the end of the first life annuitant, passes to the wife, Mary D., for and during her life.   Thus interpreted the provisions are valid.

This construction is to be preferred to one that would render inoperative the manifest intention of the testator (33 *N. Y.*, 593).   It was held in the case first cited, that where language is susceptible of two constructions, that interpretation is to be preferred which would render valid the provision of the will (*See, also,* 3 *Barb. Chy.,* 506; 26 *Wend.,* 21; 3 *Ed.,* 330; 2 *Sandf. Ch.,* 432; 7 *Barb.,* 226; 17 *N. Y.,* 561).

In the introductory words of the clause under consideration the testator says: "To my wife's father and mother each $200 per year, and after them *the same,*" *i. e.,* after their respective deaths, the *same* sum, to wit, $200, at the time of the death of each antecedent annuitant, the wife shall take the same out of the estate, as had been provided, distributively, to her father and mother.

The bequest to Hiram Matteson, during his life, is good and valid.   So too the one to Elon G. Matteson, of $200 for life, is valid.

The other portions of the will must fall.   They are indefinite; there are no beneficiaries certain, named, and the one to the poor of the town of Scriba is entangled with impossible conditions (23 *N. Y.,* 69; 34 *N. Y.,* 584; 52 *N. Y.,* 332; 40 *Barb.,* 144; 47 *Barb.,* 257; 31 *Barb.,* 78).

The will does not name a trustee to carry out its provisions and it may be found necessary to apply to the court for the appointment of a trustee, or that the executor should be appointed upon giving security.

Matteson agt. Matteson.

Neither of these questions were raised and discussed, or submitted upon the trial.

The decree may reserve the questions for further application to the court, to be made by any party so advised.

The plaintiff fails in some claims made, but, doubtless, this action was brought in good faith, and has likewise been defended in good faith. The parties may, therefore, have their costs and disbursements taxed and paid out of the estate.

This accords with the rule adopted in *Post* agt. *Hover* (30 *Barb.*, 324 *and* 325), and *Schieler* agt. *Smith* (41 *N. Y.*, 349).

Judgment may be entered in accordance with the views expressed *supra*.