By the Court, Selden, J.
That the creditors of an insolvent debtor have an equitable interest in his property, or the means he has of satisfying their demands, which the law, under certain circumstances, will recognize and enforce, is proven by the fact that every gift or gratuitous transfer of such property, although valid as against the debtor himself, is void by the coimnon law as to his creditors. Where, however, a valuable consideration is paid for the transfer, the interest of the creditor is superseded. The purchaser, in such a case, having parted with value upon the faith of the vendor’s pos *419 session and ownership of the property, acquires not only the legal title, but an equity which is paramount to that of the creditor of such vendor. It is obviously this equity alone, arising out of the consideration paid, which protects the right of the purchaser; because the mere legal title is transferred by a gift, as completely as by a sale.
Viewing the present case, then, independently of the statute of frauds, or of any actual fraudulent intent, can the right of the defendants to the mortgage or its proceeds be upheld ? Upon receiving from Ansel Durkee an assignment of the mortgage they transferred to him their judgment against his brother Calvin, and thereby deprived themselves of all power to prosecute the proceedings, which they were then about to institute, to test the validity of the mortgage. If this judgment, and the rights relinquished by its assignment, were of any considerable value, the defendants would then stand in the position of purchasers for a valuable consideration paid; and if chargeable with no bad faith, would have acquired rights which the courts would be bound to protect. The defendants, however, offered no evidence of the value of the judgment, or of the rights which they surrendered; and even admitting that, in the absence of proof to the contrary, they would be presumed to have been valuable, this presumption is effectuaEy repelled by the report of the referee, who has found, in the most explicit terms, that they were entirely worthless. This finding was upon a question directly involved in the case, and is, therefore, conclusive upon the parties. The only consideration, then, for the assignment of the mortgage, was the debt dne to the defendants from Calvin Durkee, the mortgagor.
That this was a sufficient consideration to uphold the transfer, as between the defendants and the assignor himself, may be conceded; but will it enable the defendants to maintain their title against the claims of creditors ? It did not redound in the least degree to the advantage of the assignor. So far as he is concerned, the assignment was perfectly gratuitous. He has received nothing; nor have the defendants paid or parted with anything of value. Wherein then does the case *420 differ in principle from that of a gift; which would be clearly void as against the plaintiffs. As we have already seen, the creditor has an equity which must be overcome by a superior equity on the part of the purchaser. Upon what foundation can such an equity be raised in behalf of the defendants here. They' have a naked legal title gratuitously obtained; and their position is obviously no stronger in equity than that of the donee in case of a gift. If, then, the principles which have been here advanced are sound, the right of the defendants to the proceeds of the mortgage cannot be sustained—irrespective of any of the other questions presented by the report of the referee.
But let us for a moment consider the case in the light of the statute of frauds. That part of the statute which is applicable to this case, is based upon principles similar to those already considered. It is because both law and justice recognize the equitable interest of the creditor in the property of his debtor, that a transfer of such property with intent to defeat the claim of the creditor is declared to be void: and the right of a bona fide purchaser for a valuable consideration is protected by the statute, because the equity of such a purchaser is superior to that of the mere general creditor; superior for the obvious reason, that the purchaser has not trusted, as the creditor has, to the personal responsibility of the debtor, but has paid the consideration upon the faith of the debtor’s actual title to the specific property transferred.
The statute, therefore, is merely declaratory of principles which the courts would enforce independently of its enactment ; and is of course to be construed in the light of those principles. Hence a mere stranger to the vendor, to bring himself within the provision which saves the rights of purchasers for a valuable consideration without notice, must show himself to have an equity which is paramount to that of his vendor; and this he can only do by showing that he has actually parted with something of value upon the faith of his vendor’s title; and .that he is not chargeable with notice of the fraud.
*421 When, however, the transfer, instead of being to a stranger, is to a creditor of the vendor, a different principle applies. It is not necessary, in such a case, that the vendee, in order to protect himself from a claim by the other creditors, should show any new consideration paid; for the obvious reason that his equity, at the time of the transfer, was the same as theirs, and he is entitled to the benefit of the universal rule, that where the equities are equal the legal title must prevail. Such a transaction could amount to nothing more than the voluntary preference of one creditor over another; and supposing the creditor receiving the transfer to have full knowledge of the object of his debtor, the title which he acquires would not be thereby affected. There is no doubt that the debt paid or secured by the transfer must, in such a case, be regarded as a “valuable consideration,” within the section which saves the rights of bona fide purchasers; so that if the creditor acts in good faith, and for the mere purpose of obtaining satisfaction of his own debt in accepting tne transfer, he will acquire a valid title. There being no equity prior to his own to be overcome, the necessity which calls for proof of a new consideration in other cases does not exist.
But where the conveyance is made to a creditor, not of the vendor himself, but of a third party, the case is entirely different. There the vendee is far from being on an equal footing with the creditors of the vendor. He is a stranger and has no equity to counterbalance theirs. He, therefore, must show something more than a naked legal title, or his claim must yield to the prior equitable interest residing in them. His debt, therefore, cannot be regarded as a “ valuable consideration,” within the saving clause referred to, consistently with the principles which lie at the foundation of the statute.
This conclusion renders it unnecessary to notice the other questions passed upon by the referee. The judgment must be reversed, and there must be a new trial, with costs to abide the event.
All the judges concurring,
Judgment reversed and new trial ordered.