CAROLINE MOORE, executrix, *vs.* SAMUEL M. MOORE and
others.

A testator, by the fourth and fifth clauses of his will, devised certain real estate,
separately, to his sons, P. and S. and also to his two daughters, in fee. In
the seventh clause, after certain clear devises and bequests to other persons,
was this recital and provision, viz: "Whereas my son P. to whom sundry
bequests are made in the foregoing will, has unfortunately contracted habits
of inebriation, and in consequence of which I fear he would squander or
misuse the bequests to him made, I do therefore annul and make void this
will, as to him, unless he reforms and continues a sober, industrious and
moral man, for the space of two years after my decease, giving to my execu-
tors satisfactory evidence and assurance of a thorough reformation. And
therefore it is my will that the property so willed to him should be held in
*trust* for him not to exceed three years after my decease, and if within that
time such reformation does not take place, I desire my said executors to
divide his portion to such of my heirs as may seem to them most to need and
deserve the same." The testator's son P. was one of the executors named in
the will. *Held.*

1. That the provision in the seventh clause of the will was void, both as a *trust*
and as a *power in trust*.
2. That the title to the estate devised to P. by the fourth and fifth clauses of
the will was still in him, and was not defeated by the recital and statement
in the seventh clause.

THIS is an action submitted to this court by all the parties
in interest, pursuant to the provisions of section 372 of
the Code, to obtain a judicial construction of the provisions of
the will of Noadiah Moore, late of the town of Champlain,
in the county of Clinton, deceased.

*By the Court,* POTTER, J.   Though nine several questions
are submitted, arising upon the provisions of the will of
Noadiah Moore, only one of them presents a question of
any difficulty ; and we proceed first to the examination of
that question.

By the 4th and 5th clauses of this will, the testator devises
certain *real* estate separately to his sons, Pliny N. Moore
and Samuel W. Moore, and also to his two daughters, which
is sufficiently and definitely described, in absolute terms, in
fee.   As to these devises, or as to either of them, no ques-

tion could arise but by reason of the language following the seventh clause of the will, in so far as it affects the devise to his son Pliny N. Moore. In the said seventh clause, after certain clear devises and bequests to other persons, follows this recital and provision, viz : "Whereas, my son Pliny N. Moore, to whom sundry bequests are made in the foregoing will, has unfortunately contracted habits of inebriation, and in consequence of which, I fear he would squander or misuse the bequests to him made, I do therefore annul and make void this will as to him, unless he reforms and continues a sober, industrious and moral man, for the space of two years after my decease, giving to my executors satisfactory evidence and assurance of a thorough reformation. And therefore it is my will that the property so willed to him should be held in *trust* for him not to exceed three years after my decease, and if within that time such reformation does not take place, I desire my said executors to divide his portion to such of my heirs as may seem to them most to need and deserve the same."

It is needless to say that this is an unusual and an extraordinary provision. Our only duty is to give to it its legal effect, if any it has, and if in the construction we shall give, it shall turn out that the intention of the testator is either illegal, or incapable of being carried into effect, by reason that the proper construction of the language he has employed is in violation of the provisions of the statute, or of the rules of the common law, we can not follow his intention, however desirable it might be, morally, to attempt his theory of reformation of the habits of the intended beneficiary.

It is clearly apparent that the testator intended to create an inducement to affect the moral well being and character of his son Pliny, and intended by this provision to change the prior absolute devise to his said son in fee, to a trust estate, either for the period of three years, commencing at his (the testator's) death, and to be changed back again into an estate in fee, upon a *condition subsequent*, dependent

Moore *v*. Moore.

upon satisfying the mind of his executors of a thorough moral reform in his said son, and upon failure so to satisfy his executors of such reform, then, upon the further *trust*, at the end of three years from the testator's death, to *divide* the estate so devised, in their discretion, (limited to the heirs of the said testator) to one, or more of them, whose competency as beneficiaries is specified, which depended upon their being the most *needy* or *deserving;* and this latter qualification is also dependent upon the discretion or judgment of his *executors,* one of whom was this said son Pliny N. Moore.

The first question that arises under this provision is, would such a trust, if created in the most apt and appropriate language, be a valid trust ? It is now, since the Revised Statutes of 1830, too well settled to leave any thing open for discussion, that an express trust in lands can not be created, except for the purposes expressed in the statute of uses and trusts. (1 *R. S.* 728, 729, §§ 45, 55 ;) and when a trust is attempted to be created for a purpose not enumerated in the 55th section of that statute, no estate whatever vests in the trustees. (*Selden* v. *Vermilya,* 3 *Comst.* 526.) The provision in this will, for that purpose, does not come within the letter or spirit of any one of the objects specified in that statute ; besides it is, I think, indispensable to the creation of a trust, that authority to perform the act should be delegated to the trustee by some person having the authority to do so. (*Selden* v. *Vermilya, supra.*) No such authority has been conferred or delegated in this case. There is no devise of this estate to the executors, or to any other person as trustee ; nor any power in trust, conferred expressly upon any person. Neither the object, or use of the trust, during the period of three years from the testator's death, is declared or provided for ; nor is any direction or power given to any one to receive the rents and profits, or take the possession of the estate.

But the attempted trust is, I think, void for another reason. It may, if it commence at the testator's death, continue for the period of three years, by the express terms of this pro-

vision ; and as all that time is given to effect a reformation of at least two years in duration, it must necessarily exist for that time. During that period there is no power of alienation conferred by the language of this provision. The time of suspension of alienation is, therefore, in this provision, measured by years, by a fixed time, instead of a period measured by lives in being, as expressly required by the provisions of the Revised Statutes. (1 *R. S.* 723, § 15.) The trust estate that might commence at the end of the three years, by one of the contingencies of this provision, is of indefinite length in duration, and is equally void.

In all the adjudicated cases upon this statute, the courts have uniformly held that the period of suspension of alienation could not be measured by time alone ; that *life* must in some form be the measure of the period of suspension. (*Hawley* v. *James*, 16 *Wend.* 123–172. 7 *Paige*, 25 ; *S. C.* 20 *Wend.* 464. 5 *Sandf.* 174. 3 *Seld.* 547. 3 *Denio*, 53.)

The period of three years may, by possibility, exceed the length of two lives in being. A trust for that period is therefore void. The trust being void for the reason that the power of alienation is illegally suspended, all remainders or future estates, vested or contingent, limited or dependent upon that trust, or upon the will or discretion of the executors, are void also.

I am not able to see that this provision is valid as a power in trust. Powers in trust, like trusts themselves, require that the authority should be expressly delegated to the person who is to execute it. (3 *Comst.* 526.) This certainly has not been done. So too, it is settled that a power in trust to make partition of lands at the end of a period fixed as the duration of a trust estate, which of itself is invalid, is also void. (*Hone's executors* v. *Van Schaick*, 20 *Wend.* 564.) That is exactly this case, if the trust was to begin at the testator's death. In either view of this provision, therefore, whether it is claimed to be the creation of a trust estate, or a power in trust, it is equally void. It is void for

Moore *v.* Moore.

want of a trustee, and for want of *cestuis que trust.* It is void also, I think, for uncertainty in its vesting, and in the selection of beneficiaries by the executors, by the selection of those who are most needy among the heirs of the testator. (Pliny, himself, under this limitation might be selected, thus thwarting the testator's expressed intention.) It is void for indefiniteness. It may exist before the *division* shall take place. It is void for want of directions as to the manner or method of determining the question of Pliny N. Moore's reformation. It is void because the period of its duration and termination is not fixed. It must be executed and determined after the end of three years from the testator's death, but how long after, is left indeterminate. It is void because the devisee and executor, Pliny N. Moore, is appointed by the will one of the judges to determine the question of his own moral reformation. And it is void for the uncertainty that in case of Pliny's death within the three years, the provision would be a dead letter, and of the uncertainty of the vesting the estate during that period.

The remaining question upon this point of the case is, in whom *now* is the title to the estate devised to Pliny N. Moore in the fourth and fifth clauses of the said will ?

I think, from the language of the recital and direction in the seventh clause of the will, by which it seems the trust was to be created, that the testator intended the trust to begin at his decease. By the most absolute form of words, the devise of this estate was, in the former clauses of the will, given as an estate to Pliny Moore, in fee. And by the language used in the subsequent recital and declaration, this devise was so far annulled as absolutely to destroy the prior devise in possession for the period of at least three years ; but with a condition that the trust should end, and the fee be restored at the end of that time, if his son Pliny should reform, and continue a sober, industrious and moral man for the space of two years, and give to the testator's executors satisfactory evidence and assurance of a thorough reforma-

tion. It is impossible to reconcile these two provisions of this will, so that both shall stand and have effect. There is a repugnancy in the two provisions, inconsistent with each other. The general rule of construction in case of irreconcilable repugnancy is, that the devise which is posterior in local position, shall prevail; the words being considered to denote a subsequent intention. The exceptions to this rule are, where the latter clause is void for uncertainty, for illegality, (*Covenhoven* v. *Shuler*, 2 *Paige*, 123;) or where the cause assigned for the change, in the will, is a mistake, or is false, (*Campbell* v. *French*, 3 *Vesey, Jr.* 321; *Bartlet* v. *King*, 12 *Mass. R.* 537;) or where the real intention of the testator can not be sustained. (*Covenhoven* v. *Shuler*, 2 *Paige*, 123.) We have already held this last provision, by which a trust is attempted to be created, void for illegality, while the first provision is plain and valid. It is equally clear that the testator intended to devise his whole estate, and to leave none to be inherited; and that he intended his son Pliny to have and enjoy the estate in question, on the condition of his reformation. If, therefore, the trust for three years had been, or is valid, which we will assume only for the argument, there would have been a vesting of the fee of the estate in Pliny, subject to the condition of vesting the *possession* in him three years afterwards, on his reformation; and also, subject to the condition of forfeiture of the whole estate on failure of reformation for two years prior to the end of said three years. Conditions and forfeitures which destroy estates are never favored in law, and are never allowed to prevail upon doubtful constructions. (*Hogeboom* v. *Hall*, 24 *Wend.* 146.) Estates upon condition are either *precedent* or *subsequent*, and unless there are words of technical and undoubted meaning to distinguish whether they are the one or the other, it is left to construction, depending upon the intention of the party creating the estate and condition, to be taken from the language by which it is created. A *precedent* condition is one which it must clearly be seen is to take place before the

estate can vest; and it must be literally performed. *Subsequent* conditions, which are by far the most numerous, are to be liberally construed, and operate upon estates already created and vested, and the breach which defeats it must be clearly established. (4 *Kent's Com.* 124, 125.) The estate being vested in Piny N. Moore, and he being seised of it as a freehold estate, (subject to the trust, upon this hypothesis,) and subject only to be defeated by his neglect or omission to reform his habits in the manner specified, we could only at present, within the said period of three years, hold the estate to be in him at the time of the submission of this case.

So that whether the trust be deemed void, and as not being in the way, or having any force to defeat the estate absolutely devised in legal terms; or, be deemed vested in him, subject to be defeated by condition subsequent, we are of opinion that at this time the estate devised to Piny N. Moore, by the fourth and fifth clauses of the will, is in him, and is *not now* defeated by the recital and statement following the seventh clause of the will, above set forth.

The other questions arising under the will are found in the decree, and do not require discussion.

[St. Lawrence General Term, October 2, 1866. *James, Rosekrans, Potter* and *Bockes,* Justices.]