JAMES J. GARVEY, Executor, etc., Appellant, *v.* JAMES McDEVITT, Trustee, etc., Appellant, MARGERY FLYNN, et al., Respondents.

The will of D., directing his executors at the expiration of four years after his decease, to sell his real estate and pay over the proceeds to the Bishop of R., upon certain trusts specified; and until the sale he directed the executors to rent the real estate, and after paying taxes, assessments, etc., to deposit the balance of the rents in a savings bank, to be paid with the proceeds of the sale of the real estate, and the testator's residuary personal estate, to said bishop, upon the trusts mentioned. In an action for the construction of the will, *held*, that the direction to rent, etc., was an attempt to create an active, express trust, which, if valid would vest the title in the trustees; and as neither the trustees could alienate the lands during the trust term (1 R. S., 730, § 65), nor could the *cestui que trust* dispose of his interest (1 R. S., 730, § 63), there was a suspension of the power of alienation not limited by life, and so void (1 R. S., 723, § 15); that the direction could not be upheld as creating a power in trust, as the inten-

tion was to vest title in the trustees, and a power to receive and accumulate rents for the purpose mentioned was invalid (1 R. S., 726, §§ 37, 38); and that the real estate descended to and vested in the heirs of the testator, subject to the power of sale, if valid; but that the power of sale was also void, as the proceeds of the sale were not to be paid over to the bishop absolutely, but as a trustee; he could not release to the heirs, or unite with them in a conveyance, during the four years, and for that period the power of alienation was suspended, as there were no persons in being who could convey an absolute fee in possession; and that, therefore, the whole scheme of the will as to the trusts specified failed.

(Argued February 11, 1878; decided February 19, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment entered upon a decision of the court on trial at Special Term. (Reported below, 11 Hun, 459.)

This action was brought by plaintiffs as executors of the will of Neil Dougherty, deceased, to obtain a construction of said will. The will, after various bequests, contained the following clauses, which are the ones in question:

"Fifth. All the rest, residue and remainder of my personal estate of whatsoever kind and nature, I give and bequeath to the Roman Catholic bishop of the diocese of Raphoe, parish of Rye, county of Donegal, Ireland, in trust, nevertheless, for the purposes as hereinafter mentioned.

"Sixth. I order and direct my executors hereinafter named, or such of them as shall act or the survivor of them, at the expiration of four years after my decease, to sell either at public or private sale, and for the best price they can obtain for the same, all my real estate, howsoever and wheresoever the same may be situated, and to give good and sufficient deed or deeds for the same, and pay over the proceeds arising therefrom, after paying the expenses of the sale thereof, and all liens and incumbrances thereon to the said Roman Catholic bishop of the diocese of Raphoe, parish of Rye, county of Donegal, Ireland, in trust, nevertheless, for the purposes hereinafter mentioned.

"Seventh. I hereby order and direct, and it is my will that the money bequeathed and ordered to be paid to the said

bishop of the diocese of Raphoe, in and by the fifth and sixth items of this my will, shall be used by him for the following purposes, namely : For the purchase of a site for and the erection and maintaining of a school-house thereon for the benefit of the poor Roman Catholic children of the parish of Rye,. said school to be erected and built in the parish of Rye, county of Donegal, Ireland. To have and to hold the same to said bishop and his successors for ever.

" Eighth. It is my will, and I hereby direct that said school, to be erected and maintained under the provision of the foregoing items of this my will, shall be under the control and management of twelve respectable farmers of the parish of Rye, and the said bishop of the diocese of Raphoe, said farmers to be appointed by said bishop, and are to receive no remuneration for their services.

" Ninth. It is my will and desire that the said school shall be named and called ' The Dougherty American Institute.'

" Tenth. I order and direct that until my real estate is sold as hereinbefore directed, my executors hereinafter named rent my said real estate, and after paying all taxes, assessments, water rates, insurance and other charges thereon to deposit the balance of the rent received from said premises in some good savings bank in the city of Brooklyn, and the said money so deposited by them shall form a part of my residuary estate, and be payable with the proceeds of the sale of the real estate as hereinbefore directed."

*S. P. Nash*, for Garvey, executor, etc., appellants. The trust created by the will would be void as to the directions to accumulate. (1 R. S., 728, § 55, sub. 3; 4 id., 726, § 37.) As a trust to sell it was valid. (1 R. S., 728, § 55, sub. 2.) If the trust implied in the executor was invalid, the estate vested elsewhere than in the executor. (1 R. S., 729, §§ 58, 59.) There was no suspension of alienation if the restraint on the executor for four years was void. (1 R. S., 723, §§ 10, 14.) A power to executors " to sell, mortgage or lease lands, for the benefit of legatees, or to satisfy any

charge thereon," would be a valid power, though the legal estate was given to the heir-at-law. (1 R. S., 728, § 55, sub. 2.) There was no suspension of alienation if by the true construction of the will the gift to the Bishop of Raphoe vested immediately. (1 Jarm. on Wills [Lond. ed. of 1861], chap. 25, § 1, p. 758; *Manice* v. *Manice*, 43 N. Y., 368; *Bromley* v. *Wright*, 7 Hare, 334; *Leeming* v. *Sherratt*, 2 id., 17; *Packham* v. *Gregory*, 4 id., 396.) The estate vested at once in the Bishop of Raphoe, subject to the execution of the power to lease. (*Tobias* v. *Ketchum*, 32 N. Y., 319.) The heirs-at-law have no rights in the estate. (*Chamberlain* v. *Chamberlain*, 43 N. Y., 424, 431, 432; *Phelps* v. *Pond*, 23 id., 69; 1 Story's Eq., §§ 790–793; 2 id., §§ 1212–1214.) The Bishop of Raphoe, though not otherwise named, can take the property as personal property. (*The Lady Superior* v. *McNamara*, 3 Barb. Ch., 375.) The bequest to him will not fail because the trust created may be void by the laws of this State. (*Chamberlain* v. *Chamberlain*, 43 N. Y., 424, 432–436.)

*Jesse Johnson*, for McDevitt, trustee, etc., appellant. This appellant was sufficiently designated by the will as the intended donee. (*The Lady Superior* v. *McNamara*, 3 Barb. Ch., 380; *Holmes* v. *Mead*, 52 N. Y., 342, 382; *St. Luke's Home* v. *Ass'n. In. Females*, id., 194.) The scheme of the will worked an equitable conversion of the realty. (*Manice* v. *Manice*, 43 N. Y., 368; *Chamberlain* v. *Chamberlain*, 43 id., 440; *Phelps* v. *Pond*, 23 id., 69; *Everitt* v. *Everitt*, 29 id., 37; *Fisher* v. *Banta*, 66 id., 468; 1 Jarm. on Wills [Lond. ed. of 1861], chap. 25, § 1, p. 758; 2 Redf. on Wills [3d ed.], 215, 218.) The provisions of the will may be fully executed as powers in trust. (1 R. S., 732; id., 727; *Hermans* v. *Robinson*, 64 N. Y., 332; *Post* v. *Hover*, 33 id., 593, 599, 601; *Blanchard* v. *Blanchard*, 4 Hun, 287.) A trust could not be implied from the general language of the will. (*Dubois* v. *Ray*, 35 N. Y., 165, 175; *Manice* v. *Manice*, 43 id., 362.) A power, although it works many of

the results of trusts, leaves the title in the heirs, and thereby does not suspend the power of alienation. (*Beekman* v. *Bonsor*, 23 N. Y., 298.) If the will must be construed as intending to work a devise and create a trust, the trust alone will be held to be obnoxious to the estate, and the will will be executed and take effect as a power in trust. (1 R. S., 728, §§ 58, 59; *Downing* v. *Marshall*, 23 N. Y., 379; 1 Abb. Ct. App. Dec., 524, 542.) If a trust was created under the tenth provision of the will, and so a perpetuity not limited by lives, the court will not reject the remainder of the will. (*Savage* v. *Burnham*, 17 N. Y., 561, 576; *Manice* v. *Manice*, 43 id., 384; *Gilman* v. *Reddington*, 24 id., 11, 19; *Harrison* v. *Harrison*, 36 id., 543, 548; *Darling* v. *Rogers*, 22 Wend., 483; *Haxton* v. *Corse*, 2 Barb. Ch., 506; *Kinner* v. *Rogers*, 42 N. Y., 531.) The will was not obnoxious to the statute against accumulations. (*Dubois* v. *Ray*, 35 N. Y., 105, 175; *Manice* v. *Manice*, 43 id., 362; *Phelps* v. *Pond*, 23 id., 69, 82; 17 id., 561, 576; *DeKay* v. *Irving*, 6 Denio, 646, 653.)

*Chauncey Shaffer* and *Abel Crook*, for respondents. The legal estate in the land is vested by the will, if valid, in the executors as trustees. (*Boynton* v. *Hoyt*, 1 Den., 53; *Brewster* v. *Stryker*, 2 N. Y., 19, 43; *Tobias* v. *Ketchum*, 32 id., 326; *Knox* v. *Jones*, 47 id., 396; *Leggett* v. *Perkins*, 2 id., 297; *Vernon* v. *Vernon*, 53 id., 359; *Van Nostrand* v. *Moore*, 52 id., 12, 18; 2 R. S. [Banks' 6th ed.], 1106, § 55; 2 id., 1109, §§ 69, 71, 73.) The absolute power of alienation was suspended for a definite period, and the rents and lands go to the heirs-at-law. (2 R. S. [Banks' 6th ed.], 1101, §§ 14, 15; 2 id., 1103, § 36; 2 id., 1104, §§ 38, 40; *Hawley* v. *James*, 16 Wend., 64, 174, 175; *Harris* v. *Clark*, 7 N. Y., 242; *Beekman* v. *Bonsor*, 23 id., 317; *Bascom* v. *Albertson*, 34 id., 596; *Levy* v. *Levy*, 33 id., 132; *Manice* v. *Manice*, 43 id., 362; *Rose* v. *Rose*, 4 Abb. Ct. App. Dec., 113; *Yates* v. *Yates*, 9 Barb., 324; *Boynton* v. *Hoyt*, 1 Den., 53; *Hone* v. *Van Schaick*, 20 Wend., 566; *Coster* v. *Lorillard*, 14 id., 265.) The accumulation of rents is not for any pur-

pose authorized by the Revised Statutes. (2 R. S. [Banks' 6th ed.], 1103, §§ 37, 38; *Manice* v. *Manice*, 43 N. Y., 306, 313, 314.) The entire scheme of the will was to convert into real estate the residue of the personal estate, and the rents and proceeds of sale of real estate. (Wil. Eq. Jur., 298; *Smithwick* v. *Smithwick*, 12 Irish Ch., 200; *Lorillard* v. *Coster*, 5 Paige, 172, 218; 1 Cruise's Dig. [4th ed.], 46; *White* v. *Howard*, 46 N. Y., 162.) Such conversion could not be effected, upon the theory that the power of sale could be treated as a power in trust. (*Hone* v. *Van Schaick*, 20 Wend., 566; *Hawley* v. *James*, 16 id., 174, 175; *Downing* v. *Marshall*, 23 N. Y., 366.) The claim that the estate vested in the Bishop of Raphoe, with time of payment merely deferred, cannot be maintained. (*Bogert* v. *Hortel*, 4 Hill, 492; *Everett* v. *Everett*, 29 N. Y., 75; *Colton* v. *Fox*, 3 N. Y. W'kly Dig., 585.) The devise of real estate to an alien is void. (2 R. S. [Banks' 6th ed.], 1118, § 150; *White* v. *Howard*, 46 N. Y., 144, 159, 163, 170; *Levy* v. *Levy*, 33 id., 137; *Beekman* v. *Bonsor*, 23 id., 316.) The scheme of the will was void under the laws of this State. (*Yates* v. *Yates*, 9 Barb., 324; *Clemens* v. *Clemens*, 37 N. Y., 76; 33 id., 137; *White* v. *Howard*, 46 id., 162; *McCaughal* v. *Ryan*, 27 Barb., 376.)

EARL, J. The construction of this will is not entirely free from difficulty. I have given its provisions careful consideration, but so much has been written upon the subject of trusts that I deem it important to say but little more than sufficient to announce our conclusions.

The testator orders and directs his executors at the expiration of four years after his decease to sell his real estate at public or private sale, and pay over the proceeds to the Bishop of Raphoe, upon the trusts mentioned; and until the sale, he orders and directs his executors to rent the real estate, and after paying all taxes, assessments, water rates, insurance and other charges thereon, to deposit the balance of the rent received in a savings bank, and then to pay the money thus

deposited, with the residue of his personal estate and the proceeds of the sale of his real estate, to the Bishop of Raphoe, upon the trusts mentioned.

The first question to be determined is, whether this disposition of the real estate is valid under the laws of this State? The direction to rent and manage the real estate, and receive and deposit the rents during the four years, was an attempt to create an active express trust, and the language is such, if the trust is valid, as to vest the title in the trustees. (*Brewster* v. *Striker*, 2 Com., 19 ; *Tobias* v. *Ketcham*, 32 N. Y., 319 ; *Smith* v. *Scholtz*, 68 id., 41.)

This is a trust to lease lands for the benefit of a legatee, and hence it is one of the kind of trusts authorized by the statute (1 R. S., 728, § 55), and the trustees cannot alienate the lands during the trust term (1 R. S., 730, § 65), and the *cestui que trust* cannot dispose of his interest. (1 R. S. 730, § 63.) There is, therefore, a suspense of the power of alienation not limited by life, and hence the trust is void. (1 R. S., 723, § 15; *Hawley* v. *James*, 16 Wend., 61; *Hone's Executor* v. *Van Schaick*, 20 id., 564; *Boynton* v. *Hoyt*, 1 Denio, 53.) The trust failing, we ought not to uphold this as a power in trust under sections 58 and 59 (1 Revised Statutes, 729), because the testator's intention was to vest the title in his trustees. It was essential that they should hold the title to enable them adequately to exercise the powers conferred, and a power to receive the rents and accumulate them for the purposes mentioned is invalid. (1 R. S., 726, §§ 37, 38.)

It follows, therefore, that the real estate descended to, and vested in, the heirs of the testator, subject to the power of sale, and that they are entitled to the possession and the rents thereof. But the invalidity of this clause in the will does not so far interfere with the entire scheme of the will under consideration as to invalidate the whole thereof. The disposition of the residue of the personal estate, and of the proceeds of the sale of the real estate, must still be upheld, if not in conflict with any law. The direction is that his

executors shall, at the expiration of four years after his decease, sell his real estate and pay over the proceeds to the Bishop of Raphoe.

A power of sale to be exercised after a definite term is not necessarily an illegal restraint upon alienation; it does not necessarily suspend the absolute power of alienation. When the beneficiary under a power is also vested with the title to the real estate as heir or devisee, he may before the power has been or could be exercised convey the real estate by warranty deed, and thus defeat or annul the power of sale. (*Hetzel* v. *Barber*, 69 N. Y., 1.)   A general power in trust is never to be exercised for the benefit of the donee of the power.   He has no beneficial interest in its exercise.   He must exercise it for the sole benefit of the beneficiaries of the power, and when for any reason it is impossible to exercise it for their benefit it cannot be exercised.   Take a case where the title to land is vested by descent or devise in A., subject to a power of sale conferred upon B., which is to be exercised after some definite number of years for the benefit of C.   In such case there is no suspense of the power of alienation.   There are persons in being who can by their concurrence convey an absolute fee; there is no law which prohibits C. from alienating or releasing his interest, but he is expressly permitted to do so.   (1 R. S., 730, § 63.)   He could unite with A. in a warranty deed of the land before the time for the execution of the power had arrived, and thus convey a perfect title.   B. could not thereafter execute the power of sale because C. had by his own act deprived himself of the right to claim or receive the proceeds.   Instead of uniting with A. in the conveyance C. could release to A. his claim to the proceeds of the real estate, and then A. would have a perfect title.

If, therefore, the will had directed the proceeds of the sale of this real estate to be paid over absolutely to the Bishop of Raphoe for his own use, there would have been no difficulty with this power to be exercised after the lapse of four years.   In that case he, being the sole beneficiary of the

power in his own right, could have released his right to the proceeds to the heirs of the testator, and thus perfected in them an absolute title, which could not afterward be defeated by his exercise of the power. (*Hetzel* v. *Barber, supra.*)

But the difficulty here is that the proceeds were not to be paid over to the bishop in his own right. They were to be paid to him as a trustee, upon trusts which we must assume for the purpose of this discussion to be valid. He was to have no personal or private interest in the trust fund ; he could only use and administer it for the trust ; he could not, therefore, release to the heirs. If otherwise competent, he could not unite with the heirs in a conveyance. He could not do as he would with this trust fund ; he must take it as the will gives it to him ; he must wait the four years, and then take the proceeds of the real estate from the executors. Before that, he has no trust duty to perform. Notwithstanding anything he may do during the four years, the executors must sell and pay over the proceeds to him or his successor, as trustee. Therefore, during the four years, there are no persons in being who can convey an absolute fee in possession. The heirs cannot ; any conveyance made by them during the four years must be subject to be defeated by the exercise of the power of sale after four years. The executors cannot, because they have no power to sell, or to unite in any conveyance until after four years. During the four years, the power of alienation is absolutely suspended. All mankind uniting could not convey an absolute title. Hence the power is illegal, and the whole scheme of the will as to the Irish trust must fail.

The judgment of the Supreme Court must, therefore, be affirmed, the costs of all parties to be paid out of the estate.

All concur ; RAPALLO and MILLER, JJ., concurring in esult.

Judgment affirmed.