# JANUARY TERM, 1898.

STATE *v.* HOLMES.

1. WILLS—DEVISE ON CONDITION PRECEDENT.
   A testator devised a life estate to his wife, with remainder over to the State upon the following condition: "If the State shall, within the period of five years from and after the death of my said wife, formally accept of this provision of my will, and, by due enactment, locate upon my real estate * * * some public educational or charitable institution, and build thereon suitable buildings for such institution;" otherwise to go to a grandson of the testator. *Held,* that the devise to the State was upon condition precedent.

2. SAME—SUSPENSION OF ALIENATION—TERM NOT BASED ON LIVES.
   The effect of the conditional devise being to suspend the power of alienation of the estate for a period not based on lives in being at the time of its creation, it was void under the statute. 2 How. Stat. §§ 5530, 5531.

3. SAME—DISPOSITION OF INTESTATE PROPERTY—WIDOWS.
   A widow who, under the terms of her husband's will, takes a life estate in his personalty, may nevertheless, upon the provision of the will which attempts to dispose of the residuum of the personalty being declared invalid, take under the statute of distribution (2 How. Stat. § 5847, subd. 6) a one-half interest in such residuum.

4. STATUTES—ADOPTION FROM OTHER STATES—CONSTRUCTION.
   It will be presumed that the legislature, in adopting a statute from another State *verbatim et literatim,* recognized and accepted the construction that had been placed upon such statute by the courts of such other State.

Appeal from Kent; Grove, J. Submitted October 5, 1897. Decided January 4, 1898.

Bill by the State of Michigan against Abbie S. Holmes and Adolph B. Mason, executors of the last will and testament of Nelson Holmes, deceased, Abbie S. Holmes, individually, and Frank Nelson Holmes, to obtain a construction of said will. From a decree in favor of Frank Nelson Holmes, the others appeal. Modified.

Nelson Holmes died testate, leaving his widow and grandson as his sole heirs at law. By his will he bequeathed $2,000 to his grandson, and all the residue of his estate, real and personal, to his wife, for life, to enjoy the income and profits thereof. The fourth clause of his will reads as follows:

"After the death of my said wife, I give and bequeath and devise my said estate, real and personal, to the State of Michigan, upon the conditions following: If the State shall, within the period of five years from and after the death of my said wife, formally accept of this provision of my will, and, by due enactment, locate upon my real estate in the said township of Grattan some public educational or charitable institution, and build thereon suitable buildings for such institution. If the State shall not accept the foregoing provision, I then direct the said residue and remainder of my estate shall descend to my said grandson, Frank Nelson Holmes, to him, his heirs and assigns, forever."

The bill is filed by the State to obtain a construction of this will. Issue was framed by the proper pleadings, and upon the hearing a decree was entered holding that the fourth clause of the will is void, and that the grandson, as the sole heir at law of the deceased, is entitled to the entire residue of the estate, both real and personal, subject to the life estate of the widow. The State appeals, insisting upon the validity of the will. The widow appeals, insisting that, if this clause be set aside, the personal property must be distributed as in a case of intestacy, and that under 2 How. Stat. § 5847, subd. 6, she is entitled to one-half of such property.

*Fred A. Maynard,* Attorney General (*Birney Hoyt,* of counsel), for complainant.

*Butterfield & Keeney,* for defendants Abbie S. Holmes and Adolph B. Mason.

*Crane, Norris & Stevens,* for defendant Frank Nelson Holmes.

GRANT, C. J. (*after stating the facts*). 1. The condition is precedent, not subsequent. The terms of the will are too clear upon this point to require much discussion. The title is not devised to be defeated by a breach of a condition subsequent, but is made to vest only upon the performance of a condition precedent. The State has no title or interest until it has complied with the condition. The learned attorney general cites many authorities, but none of them contain provisions similar to this. In *Langley* v. *Chapin,* 134 Mass. 82, the conveyance contained the following clause: "This conveyance is made by us upon condition that the Corbitant Mills, or its successors, will erect, or cause to be erected, upon its premises, a cotton factory, of not less than 20,000 spindles, within two years from the date hereof." It was held, "The clause attaches a condition to the estate conveyed." Under that conveyance, the title, with the right of possession, vested in the grantee, subject to be divested by noncompliance with the condition subsequent. The other authorities cited contain similar provisions. In this case no title can vest until the legislature, by appropriate act, has accepted the devise, and located upon it some public educational or charitable institution, and built suitable buildings therefor.

The law of this State in regard to estates in possession and in expectancy is found in 2 How. Stat. § 5523 *et seq.* The provisions controlling this case are sections 5530 and 5531, which read as follows:

"Every future estate shall be void in its creation which shall suspend the absolute power of alienation for a longer period than is prescribed in this chapter. Such

power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed.

"The absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of two lives in being at the creation of the estate, except in the single case mentioned in the next section."

This statute was adopted in the State of New York in 1830. It was subsequently adopted in this State, *verbatim et literatim,* and is found in the Revised Statutes of 1846. The construction placed upon this statute by the courts of that State has a controlling influence, and courts will presume that the legislature recognized and accepted such construction. *Greiner* v. *Klein,* 28 Mich. 12. The court of appeals of New York had passed upon this statute several times before its adoption here. *Coster* v. *Lorillard,* 14 Wend. 265, 312; *Hawley* v. *James,* 16 Wend. 61; *Hone* v. *Van Schaick,* 7 Paige, 231; *Irving* v. *DeKay,* 9 Paige, 529. It has been before that court many times since. *Yates* v. *Yates,* 9 Barb. 324, 347; *Tayloe* v. *Gould,* 10 Barb. 398; *Tucker* v. *Tucker,* 5 N. Y. 417; *Rose* v. *Rose,* 4 Abb. Dec. 108; *Moore* v. *Moore,* 47 Barb. 260; *Garvey* v. *McDevitt,* 72 N. Y. 556; *Rice* v. *Barrett,* 102 N. Y. 161; *Cruikshank* v. *Home for Friendless,* 113 N. Y. 337; *Haynes* v. *Sherman,* 117 N. Y. 433; *People* v. *Simonson,* 126 N. Y. 299; *Booth* v. *Baptist Church,* Id. 215; *Trowbridge* v. *Metcalf,* (Sup.) 39 N. Y. Supp. 243.

The rule established by these authorities is that a suspension of the power of alienation, not based on lives, is void, and that the power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. It is said in *Moore* v. *Moore:* "In all the adjudicated cases upon this statute the courts have uniformly held that the period of suspension of alienation could not be measured by time alone; that life must, in some form, be the measure of the period of suspension." In that case, suspension was for three years. In *Rose* v.

*Rose* it was for five years.    Tested by this rule, the devise must fail.    There are no persons in being who can convey an absolute fee in this land.    If all the parties mentioned should now unite in a conveyance, the grantee would take only a life estate.    The widow has only that interest to convey.    The State has nothing to convey, for it has no interest until the conditions are accepted.    The grandson has nothing to convey, and cannot have until the State refuses or neglects to accept the condition.    The title to the land is left "swinging in abeyance," without protection, owner, or abiding place.    A squatter might take possession, and no one could eject him.    It is not exempt from taxation, because the State does not own it. It cannot be assessed to the grandson after the death of the widow, because he does not own it.    This condition of things may exist for five years.    It therefore violates the statute, and is void.

2. It is conceded that the will is valid, except as to the fourth clause.    This being declared invalid, it follows that the residuum of the personal estate is intestate property, and must be distributed under the statute of distribution of estates of intestates, above cited.    Counsel for Frank Nelson Holmes contend that the widow, having elected, by acquiescence, to take under the will, is thereby barred of any further interest in her husband's estate.    But Mr. Holmes acquires no interest in the personal estate covered by the fourth clause, otherwise than by intestacy as to it. With this clause omitted, there is no testate disposition of the personalty, except for life to the widow.    If he claims through intestacy, he can take only the share which the law gives him.    Our statute is taken from the Massachusetts law, and a construction had been placed upon it by the courts of that State before its adoption in Michigan. *Nickerson* v. *Bowly*, 8 Metc. (Mass.) 424.    The testator in that case bequeathed the use of his personal estate to his wife during her widowhood.    Held, that the widow, upon the death of the testator, was entitled to one-half. Chief Justice Shaw said:    "As every man is presumed to

know the law, it may reasonably be inferred, as his intention, that the residue should be disposed of according to law." This is also the rule in England. *Davers* v. *Dewes*, 3 P. Wms. 40; *Dicks* v. *Lambert*, 4 Ves. 725. The following authorities also support it: *Wood* v. *Mason*, 17 R. I. 99; *Edsall* v. *Waterbury*, 2 Redf. Surr. 48; *Reed's Estate*, 82 Pa. St. 428; *Armstrong* v. *Berreman*, 13 Ind. 422.

The decree will be modified in accordance with this opinion. No costs will be allowed.

The other Justices concurred.