OTIS *v.* ARNTZ.

WILLS—PERPETUITIES—SUSPENDING POWER OF ALIENATION—STATUTES—ESTATES IN TRUST.

A will devising an estate in trust to be distributed in a certain number of years after the death of the testator, the income in the meantime to be paid to designated persons, is void under 3 Comp. Laws, § 8796 (3 Comp. Laws 1915, § 11532), providing that every future estate shall be void in its creation, which shall suspend the absolute power of alienation for longer than the period prescribed by law, and such power of alienation is suspended when there are no persons in being in whom an absolute fee in possession can be conveyed, and 3 Comp. Laws, § 8797 (3 Comp. Laws 1915, § 11533) providing that the absolute power of alienation shall not be suspended by any limitation or condition for a longer period than the continuance of two lives in being at the creation of the estate, and 3 Comp. Laws, §§ 8805, 8818, 8839 (3 Comp. Laws 1915, §§ 11541, 11554, 11575) providing that limitations of terms of years, disposition of rents and profits of lands and trust estates in land shall be governed by the same rules, and 3 Comp. Laws, § 8847 (3 Comp. Laws 1915, § 11583) providing that no person beneficially interested in a trust

estate for the receipt of rents and profits can dispose of such interest.[1]

Appeal from Montcalm; Davis, J. Submitted June 27, 1917. (Docket No. 144.) Decided September 27, 1917.

Bill by Clark C. Otis against Byron Arntz, administrator, with the will annexed, of the estate of Norman L. Otis, deceased, and others to set aside said will as in violation of the statute against perpetuities. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*William B. Daniels* (*Edward A. Barnes*, of counsel), for plaintiff.

MOORE, J. The following statement is taken from the brief of the attorneys for the appellant, and is justified by the record:

"This is a bill for the construction of the will of Norman L. Otis, deceased. It is filed by Clark C. Otis, a son and heir of the testator, and a beneficiary under the will. The administrator with the will annexed, the other beneficiaries under the will, and the only other heir of the deceased, all of whom are of age, are all made defendants. No answers were filed by any of the defendants, and the bill has been taken as confessed. From a decree dismissing the bill plaintiff appeals.

"Norman L. Otis, many years a resident of Montcalm county, died on the 20th day of May, 1916, leaving an estate of approximately $13,000, of which $3,000 was in personal property, and $10,000 in real estate, consisting of a single farm. A will dated February 26, 1910, with several codicils of later date, was duly admitted to probate in Montcalm county on June 23, 1916.

"After providing for the payment of his debts and

[1]On validity of restraint on the alienation of a fee simple during a limited time, see note in 3 L. R. A. (N. S.) 668.

making several small legacies, the will undertook to dispose of the residue of the estate in the following terms:

" '*Fifth*. I give, devise and bequeath to my son Clark C. Otis and to my daughter Grace Otis Harter, share and share alike, the income of the residue of my property, real, personal and mixed, of which I shall die possessed, for the period of twenty-five years after my decease, said income to be paid to them annually and in the case of their decease to their heirs, unless they otherwise direct by will.

" '*Sixth*. I give, devise and bequeath to my natural grandchildren (the children of the body of the said Clark C. Otis and Grace Otis Harter begotten) share and share alike, all of my real and personal estate not hereinbefore disposed of. The share of any deceased grandchild shall go to his children if living, otherwise to revert to the surviving grandchildren.

" '*Seventh*. I hereby order and direct that my farm in Bloomer township consisting of one hundred and sixty acres shall remain intact for twenty-five years from my decease. That no part of it shall be sold or mortgaged, and it shall remain as my estate until the expiration of the said term of twenty-five years, when it shall be partitioned among my said grandchildren, or if deemed best to be sold and the proceeds divided together with the personal property of my estate, as directed in section six above.

" '*Eighth*. I hereby order and direct that the fences and buildings of my said farm shall be kept in good repair, the taxes promptly paid, the land properly fertilized and farmed in a workmanlike manner and the woods allowed to remain intact, excepting what dies of its own accord, or is blown down.'

"The first clause of the first codicil modifies the fifth clause of the will by providing that in the event that the daughter, Grace Otis Harter, shall not survive the term of 25 years the interest devised to her shall for the balance of the 25-year term go 'to the children of my son Clark C. Otis, share and share alike.'

"In one of the clauses in the codicils he increased one of the specific legacies in the will; in another he gave another legacy of a hundred dollars; and in a third he bequeathed to a church society 'the sum of twenty-five dollars a year for ten years after my decease for the pastor's support only, the said sum to be taken from the income of my estate'; and in the last

codicil he transferred this annuity to a different church. The remaining clauses of the codicils were made up of elaborate and specific obligatory directions for the management of the farm by the executor and conditions to be inserted in leases, with provisions that upon failure of the tenant to keep the conditions 'his lease shall become null and void and my executor shall re-enter the said premises and said tenant remove and put out, terminating his tenancy,' and he provided for the removal of the executor and the appointment of another in case the executor should fail to see that such provisions were faithfully carried out.

"The prayer of the bill asks the court to construe and interpret the will, and particularly paragraphs 5, 6, 7, and 8 and paragraph 1 of the first codicil, and that the court construe and declare those paragraphs as void and of no effect, as suspending the power of alienation contrary to the provisions of the statute, and that the court declare the residue of the estate which the testator attempted to dispose of under these paragraphs to be intestate property and as such to belong to the plaintiff and Grace Otis Harter, testator's only heirs, absolutely, in equal shares, and that the administrator be directed to turn over to the plaintiff and said Grace Otis Harter all of said residue."

No brief was filed on the part of the appellee, and in reply to a request for a brief the attorney for Harrison Gray Otis filed a waiver of the right to file a brief accompanying it, with a letter stating in part:

"All the children of C. C. Otis including my client Harrison Gray Otis prefer to have the will construed as prayed for by the plaintiff."

The statutes applicable to the situation disclosed by the provisions of the will and codicil which it is asked shall be construed are as follows:

"Every future estate shall be void in its creation, which shall suspend the absolute power of alienation for a longer period than is prescribed in this chapter. Such power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed.

"The absolute power of alienation shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance of two lives in being at the creation of the estate, except in the single case mentioned in the next section." (The exception referred to has no bearing here.) 3 Comp. Laws, §§ 8796, 8797 (3 Comp. Laws 1915, §§ 11532, 11533).

Sections 8805, 8818, 8839, 3 Comp. Laws (3 Comp. Laws 1915, §§ 11541, 11554, 11575), provide that limitations of terms of years, disposition of the rents and profits of land and trust estates in land shall be governed by the same rules.

"No person beneficially interested in a trust for the receipt of rents and profits of lands, can assign or in any other manner dispose of such interest; but the rights and interest of every person for whose benefit a trust for the payment of a sum in gross is created, are assignable." 3 Comp. Laws, § 8847 (3 Comp. Laws 1915, § 11583).

A construction of these statutes has been made by this court, and we quote a part of the opinion then handed down as follows:

"New York has * * * a statute similar to sections 8796, 8797, 3 Comp. Laws, which has been construed a good many times. The effect of these decisions is that a suspension of the power of alienation not based on lives is void, and that the power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. See *Moore* v. *Moore*, 47 Barb. (N. Y.) 260; *Garvey* v. *McDevitt*, 72 N. Y. 556; *Rice* v. *Barrett*, 102 N. Y. 161 (6 N. E. 898); *Cruikshank* v. *Home for Friendless*, 113 N. Y. 337 (21 N. E. 64, 4 L. R. A. 140); *Haynes* v. *Sherman*, 117 N. Y. 433 (22 N. E. 938); *People* v. *Simonson*, 126 N. Y. 299 (27 N. E. 380); *Booth* v. *Baptist Church*, 126 N. Y. 215 (28 N. E. 238) *Trowbridge* v. *Metcalf*, 5 App. Div. 318 (39 N. Y. Supp. 243).

"Our own statute has been construed by this court in *Trufant* v. *Nunneley*, 106 Mich. 554 (64 N. W. 469),

in which it was held that, if effect was given to certain provisions in the will, there would be a time during which there would be no person or persons in whom the estate could vest in fee simple absolute, hence no person in being who could convey, and that this will in that regard was void, and, as to the property affected by the void will, it must be distributed under the statute.

"In *State* v. *Holmes,* 115 Mich. 456 (73 N. W. 548), Justice GRANT, speaking for the court said:

" 'The law of this State in regard to estates in possession and in expectancy is found in 2 How. Stat. § 5523 *et seq.* The provisions controlling this case are sections 5530 and 5531, which read as follows:

" ' "Every future estate shall be void in its creation which shall suspend the absolute power of alienation for a longer period than is prescribed in this chapter. Such power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed.

" ' "The absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of two lives in being at the creation of the estate, except in the single case mentioned in the next section."

" 'This statute was adopted in the State of New York in 1830. It was subsequently adopted in this State *verbatim et literatim,* and is found in the Revised Statutes of 1846. The construction placed upon this statute by the courts of that State has a controlling influence, and courts will presume that the legislature recognized and accepted such construction. *Greiner* v. *Klein,* 28 Mich. 12. The court of appeals of New York had passed upon this statute several times before its adoption here. *Coster* v. *Lorillard,* 14 Wend. 265, 312; *Hawley* v. *James,* 16 Wend. 61; *Hone* v. *Van Schaick,* 7 Paige, 231; *Irving* v. *De Kay,* 9 Paige, 529. It has been before that court many times since. *Yates* v. *Yates,* 9 Barb. 324, 347; *Tayloe* v. *Gould,* 10 Barb. 398; *Tucker* v. *Tucker,* 5 N. Y. 417; *Rose* v. *Rose,* 4 Abb. Dec. 108; *Moore* v. *Moore,* 47 Barb. 260; *Garvey* v. *McDevitt,* 72 N. Y. 556; *Rice* v. *Barrett,* 102 N. Y. 161 (6 N. E. 898); *Cruikshank* v. *Home for Friendless,* 113 N. Y. 337 (21 N. E. 64, 4 L. R. A. 140); *Haynes* v. *Sherman,* 117 N. Y. 433 (22 N. E. 938); *People* v. *Simonson,* 126 N. Y. 299 (27 N. E. 380); *Booth* v. *Baptist Church,* 126 N. Y. 215 (28 N. E. 238); *Trowbridge* v. *Metcalf* [5 App. Div. 318] 39 N. Y. Supp. 243.

" 'The rule established by these authorities is that a suspension of the power of alienation not based on lives is void, and that the power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. It is said in *Moore* v. *Moore:*

" ' "In all the adjudicated cases upon this statute the courts have uniformly held that the period of suspension of alienation could not be measured by time alone; that life must, in some form, be the measure of the period of suspension." ' "

*Casgrain* v. *Hammond,* 134 Mich. 419, at pages 429, 430 (96 N. W. 510, 104 Am. St. Rep. 610).

In that case it was held that, where land is conveyed to a trustee under a trust which is void on the death of the grantor, the land should be distributed under the statute. We think the case on all fours with the instant case, and that the fifth, sixth, seventh, and eighth paragraphs of the will and paragraph 1 of the codicil dated December 24, 1910, are void. The other bequests made in the will and codicils stand.

The decree is reversed, and one will be entered here in accordance with this opinion. No costs will be given to either party.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.