DURGEE *v.* SIMONS.

1. ESTATES—EARLIEST POSSIBLE VESTING FAVORED.
   The law favors the earliest possible vesting of estates.

2. SAME—LIFE ESTATE IN SPOUSE—INTENT—REMAINDER.
   The devise of a life estate to a spouse does not necessarily disclose an intent to bar the latter from sharing in the remainder.

3. SAME—LIFE ESTATES—VESTING OF REMAINDER.
   The fact that a life tenant can never come into the remainder does not change the time when title to the remainder vests.

4. WILLS—TIME EFFECTIVE.
   A will speaks at and takes effect from the time of the testator's death.

5. SAME—LIFE INTEREST—INTEREST IN REMAINDER.
   The fact that a will may operate so as to convey a life interest to the spouse of the deceased and a half interest in the remainder is not a repugnancy.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 33 Am Jur, Life Estates, Remainders, and Reversions §§ 102, 103, 105, 106.
[2] 33 Am Jur, Life Estates, Remainders, and Reversions § 60.
[4] 57 Am Jur, Wills § 1209.
[6] 57 Am Jur, Wills § 1133.
[7] 57 Am Jur, Wills § 1171.
[7] Devise of life estate without complete or effective disposition of remainder as negativing right of life tenant to take as heir or next of kin. 128 ALR 446.

6. SAME—CONSTRUCTION—INTENT.
   The manifest intent of the testator should govern when construing a will.

7. SAME—LIFE INCOME TO HUSBAND—INTESTATE REMAINDER.
   Will whereby testatrix gave husband the life income from her estate and made several other small bequests but made no provision for remainder over nor disposition of the residue or remainder, operated to vest a half interest in the remainder in the husband at the death of the testatrix, where her only other heir was her half sister.

Appeal from Genesee; Elliott (Philip), J. Submitted April 15, 1952. (Docket No. 67, Calendar No. 45,196.) Decided June 2, 1952.

Bill by Flora Durgee against Lucian L. Simons, successor trustee of estate of Katherine C. Warner Patterson, deceased, and Leo L. Leighton, executrix of the estate of Richard E. Patterson, deceased, to set aside probate proceedings and order assigning residue. Decree entered assigning residue in same manner as probate order. Plaintiff appeals. Affirmed.

*Guy W. Selby* and *Harold H. Bobier,* for plaintiff.

*Cook & Michelson,* for defendant.

DETHMERS, J. Plaintiff filed a bill of complaint praying that the entire probate proceedings and particularly the order assigning residue in the estate of Katherine C. W. Patterson, deceased, hereinafter called testatrix, be set aside and held for nought for lack of jurisdiction because plaintiff had not been served with notice in the proceedings, that the circuit court construe the will of testatrix, and that plaintiff be decreed to be entitled to the entire residue and remainder of the estate as sole heir at law. From decree which failed to grant plaintiff relief as

prayed but awarded the residue and remainder, 1/2 to plaintiff and 1/2 to the surviving husband of testatrix, plaintiff appeals.

When testatrix died the only relatives left surviving her were plaintiff, who was a half sister, and the husband, Richard E. Patterson, since deceased, the executrix of whose estate is named as one of the parties defendant. By will testatrix devised and bequeathed the use of her estate to her husband as trustee and executor, empowering him to sell and convey assets of the estate when he deemed it for the best interests of the trust, the proceeds to be placed in funds of the estate and the trustee to give bond for the faithful performance of his duties as such. The will directed payment of expenses of the estate and its management, to be paid out of income, the balance of income to be used by the husband for his personal use so long as he should live. At his death the will provided for a successor trustee to complete distribution of the estate. There followed 5 small, specific bequests to others, conditioned upon the beneficiaries being alive or in existence at termination of the trust. The will concluded by giving the husband the use of the home and furnishings as long as he should live, or, in the event he should elect not to occupy it, the net income therefrom, and, if not so used, the furnishings were to be sold and proceeds placed in the account of the estate. The will did not provide for remainder over after termination of the life estate nor make disposition of the residue or remainder. Neither did it mention plaintiff or otherwise refer to heirs.

The husband now having died, the question presented is whether the entire residue and remainder goes to plaintiff alone or half to plaintiff and half to the husband or his heirs.

Plaintiff claims that testatrix, in giving to her husband the use and net income of her estate for life,

clearly expressed, by the terms of her will, an intent that he should take nothing beyond the life estate. Plaintiff contends such intent is further emphasized by the provision that upon the husband's failure to use the household furnishings during his lifetime they were to be sold and the proceeds placed in the estate account. In support of this contention plaintiff cites *Bailey* v. *Bailey,* 25 Mich 185, and *In re Churchill's Estate,* 230 Mich 148. In both cases the will expressly disposed of the residue or remainder in question—in the *Bailey Case* "to my lawful heirs" and in the *Churchill Case* "to be disposed of under the laws of the State of Michigan." In the *Bailey Case* the claim of testator's widow to a life interest in certain lands not specifically devised depended, under the statutes then in force, upon her establishing that the husband had intended to die intestate in relation thereto. This Court found from the entire will that he had not so intended and, hence, that the widow was entitled only to the specifically devised life estate in certain lands as provided in the will and no more. In that case and more particularly in the *Churchill Case* the question of whether a life tenant (in the former case a wife; in the latter a daughter) was entitled to share in the remainder, under a residuary clause devising same to testator's heirs, may be considered to have been treated as dependent upon whether the remainder vested at testator's death or upon termination of the life estate. In both cases the fact that the will provided that the corpus, or so much thereof as might be necessary, should or might be expended for the care and support of the life tenant, leaving it a matter of contingency what, if any, remainder or residue would be left for distribution, appears to have been persuasive to this Court that the testator intended vesting thereof to be deferred until termination of the life estate, at which time the life tenant, no longer living, could not be

considered to be included among those described in the residuary clause as testator's heirs at law. So considered, the cases are clearly not in point here. In the instant case only the use and net income of the estate was devised and bequeathed to the husband for life by express terms of the will, and he was not permitted to expend any portion of the corpus for his own use. Under such circumstances, no reason exists nor intention can be said to appear in the will, as in *Bailey* and *Churchill,* for nonadherence to the general rule that the law favors the earliest possible vesting of estates. In support of that rule see cases cited in the *Churchill Case.* The case at bar must, then, be considered as following within the lines of *State* v. *Holmes,* 115 Mich 456, and *In re Shumway's Estate,* 194 Mich 245 (LRA1918A, 578). In the *Holmes Case* the husband's will gave the wife a life estate in lands, with a devise of the remainder which this Court found to be invalid. Having concluded that the remainder was, thus, intestate property, this Court held that the wife could take in relation thereto as an heir at law. In *Shumway* the husband devised his real estate to his wife for life and after her death to his legal heirs in accord with the statute. In holding there that the wife was entitled to share in the residue and remainder, this Court expressly rejected the very argument here advanced by plaintiff, that the devise of a life estate to the spouse disclosed an intent to bar the latter from sharing in the remainder, and said, in language decidedly applicable here, the following:

"The fact that a life tenant can never come into the remainder does not change the time when title to the remainder vests. * * *

"We find no confusing provisions in the first paragraph of testator's will to which well-seasoned rules of construction are inapplicable. His wife, to whom he gave a life estate in the realty, was one of his

several legal heirs amongst whom he directed division of the remainder in fee 'according to the provisions of the statute.' The will spoke at and took effect from the time of his death, at which time, under the statute to which he made reference, the legal heirs were to be determined and title to their interests vested in them, unless undoubtful language in the will plainly provided otherwise. The only words of futurity found are of a kind presumed to relate particularly to the time of enjoyment of the remainder, rather than when the estates shall vest, and are to be so construed. The fact that by the will the widow took both a life estate in the whole and a fee to the half was not an inconsistent or repugnant provision, but simply operated to merge her 2 estates as to the one-half, investing her with an absolute title in fee to that portion.

"It, however, is strenuously urged that the intent of the testator as expressed in the will, taken as a whole, plainly indicated otherwise and under the cardinal rule of construction the manifest intent of the testator should govern. Of this rule of construction there can be no question, but the intent must be tangibly expressed somewhere in the instrument in such language as plainly conveys the thought beyond mere surmise, conjecture, or supposition, and makes evident that Nathan Shumway intended that his wife should be disinherited as to the half of the real estate which the law gave her, and his distinct direction that his real estate, subject to the life estate, be divided amongst his legal heirs (of whom she was one) according to the provisions of the statute should be ignored.　*　*　*

"That he intended to leave her what the statute would have given her and a little more is, we think, as reasonable an inference from this will, considered in its entirety, as that he intended to exclude her from this substantial interest in the real estate which the statute gave her."

We hold that a half interest in the residue and remainder vested in the husband at testatrix's death.

Other errors and defects complained of by plaintiff need not be considered inasmuch as they did not, in view of our holding above, operate to prejudice plaintiff's rights.

Decree affirmed, with costs to defendants.

NORTH, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.