Van Brunt, P. J.
It would not‘be at all necessary to say anything in addition to the reasons given for the denial of the motion in question by the learned judge who heard the same at the special term,* were it not for the attempt to distinguish the principles applicable to the will in ques tian from those which were applied to the will in the case of Manice v. Manice (43 N. Y., 303), upon which case the decision of the motion was founded.
The citation of language in opimons delivered upon the construction of wills in particular cases, affords but little aid in the determination of the construction of any particular will before the court, except so far as by the adjudicated cases some principle is illustrated which governs courts in construing the provision of instruments of this description.
A fundamental principle in the interpretation of wills is to give effect, if possible, to the intention of the testator, and also to adopt such a construction as will allow the will to stand rather than one which will make it antagomstic to our statutes, and therefore void.
It is clear that at least some of the provisions of the fifth clause of the will in question are contrary to our statutes, and therefore void. In the decision of this motion, it is not necessary for us to determine whether any part of that paragraph can stand after the elimination of the unlawful provisions.
It is claimed upon the part of the appellant that the case *388 of Manice v. Manice, above cited, is not an authority to sustain the position taken by the court below, for the reason that in that case there were words of present gift, which are absent from the paragraph of the will under consideration.
If such is the case, then during the six years at the end of which the executors w'ere called upon to sell the real estate, there was suspension of the power of alienation, and the whole provision in regard to the sale, became void because there were no persons in being who could give a complete title during that period, and the suspension did not depend upon any living being, but upon an absolute term of years. In this respect, the will at bar would then differ from that which was discussed in the case of Garvey v. McDevitt (72 N. Y., 556), because in that case there were words of present gift, and the court held, that although the term was void, yet the power of sale to be exercised, after a definite period, was not necessarily a legal restraint upon alienation, if there are persons in being who can convey a complete title. In the case cited, the power of sale was held because the beneficiary was to receive the proceeds, not in his own right, but as trustee, and that he was required to wait four years and then take the proceeds of the real estate from the executors. Therefore, in the case at bar, if there were no words of present gift, which conveyed a present estate from the time of the death of the testators, then during the period of six years in which the executors had no power of sale, there were no persons in being who could convey a complete title and consequently the whole provision in regard to the sale was void. If this be so it is clear that the appellants were not entitled to be made parties to this action.
If upon the other hand there are words of present gift then the case comes directly within the principle enunciated by the court in the case of Manice v. Manice, where it was held that under similar circumstances the estate vested at the time the period for distribution arrived, and was not postponed until the completion of such distribution, the rule being enunciated that where by a will shares or interests in real or personal estate to be ascertained by a division are given, or where the real estate is directed to be sold and the proceeds divided, the estate or interest of the devisee or legatee in the property to be divided or converted is a vested interest before the conversion or division, and that limitations over to take effect in case of the death of those-first designated, prior to the division or sale, must be held to refer to the time appointed for the division or sale, and not the period of their completion, unless the language of the will clearly and unequivocally expresses an inten *389 tian, that the vesting shall be postponed until such completion.
In the case at bar, no such intention can be possibly spelled out, because the provision for the payment of the rents during the. six years during which the power of sale is suspended, is to the same persons to whom the corpus is given after the sale and pending the expiration of the limitations and the actual sale of the estate no provision, whatever, is made for these persons.
The case of Clason v. Clason (18 Wend., 369), is also a striking illustration of the rule above-mentioned.
It seems clear, therefore under the principles enunciated in the case of Manioc v. Manicc, above cited, that if there are words of present gift in the will, the estate became vested at the expiration of the period of limitation, and that Mrs. McCunn having survived that period took her share of the estate absolutely, and that the limitation over failed to take effect.
The order should be affirmed, with costs.
Daniels and Brady, J.J., concur.
Special.Term Opinion.
Patterson, J.
This is a motion to revive this action as against the administrator of Irene May Gano (that is, the administrator moves to compel the revivor as against him), and that the interlocutory and final decrees be vacated and set aside so far as they affect her or her administrator, and as to Jane H. McCunn. As I gather from the papers, it appears that by the fifth clause of the will of John H. McCunn, he devised his real estate in trust, and the plaintiff in this action, claiming the trusts to be void, filed her bill against the trustees and all persons who could be interested under the trusts (including Irene May Gano), and that the case was decided in January, 1879, and a judgment was rendered as of a date prior to the death of Irene May Gano. It was submitted for decision, after trial, in the month of January, 1878.
I do not think it necessary to consider the technical points that have been raised under the Code as to the right to revive or compel a revivor of the action. I understand the rule to be that whatever would have been sufficient to prevent relief on a bill of revivor in chancery, is sufficient now to defeat a motion to revive, and that the right is to be determined according to the settled rules of equity, so far as established by precedent (Coit v. Campbell, 82 N. Y., 511, Rapallo, J.); and it maybe that upon the technical grounds advanced in opposition to this motion, it should not be granted. But, coming to the fundamental reasons, it seems to me that the moving party has not made out a case which should induce the court to grant the motion and reopen this prolonged litigation.
There are two joints of view from which the subject may be regarded:
Mrst. If the will, as to the trust clause, is void, then Mrs. Gano took nothing, and her administrator can have no standing in court.
Second. If the trust claim is valid, did Irene M. Gano, at the time of her death, have an interest in the estate which survived her ?
Referring to the fifth clause of the will, it appears that if the testator’s wife should die •“ before the distribution of my estate, her half (is) to be divided equally between her two sisters, Caroline M. and Irene May (Gano), etc. Mrs. Gano died May 80, 1878. Mrs. McCunn (the testator’s widow) died July 2, 1880.
What is the effect of the clause above cited respecting the death of Mrs. McCun before distribution ? It would seem to be the testator’s intention that if his widow died before the six years fixed by the will, her two sisters should *390 step into her place with reference to the one-half referred to. Did they acquire any interest before Mrs. McOunn’s death ? The counsel for the administrator relies upon Hennessy v. Patterson (85 N. Y., 93), but a careful reading of that case does not convince me that it applies here. Judge Finch, in his opinion, plainly indicates that the case was decided on what the court regarded as the intention of the testator in the first, second and third clause of the will. I do not find, in that case, anything to support the claim that Irene M. Gano took an estate or interest, directly under the will, absolutely vesting on the death of the testator.
It is said that Mrs. Gano took, under the Revised Statutes, a vested remainder in expectancy, which, before the Revised Statutes, would have been an executory devise, subject to being defeated by Mrs. McCunn surviving the distribution. It is scarcely worth while to inquire whether this claim is supported by the authority cited. I do not think it is; but what is meant by the the words in the fifth clause of Mr. McCunn’s will, as to his wife dying “ before the distribution of my estate,” is, I think, settled in Manice v. Manice (43 N. Y., 303, et seq.) It refers to the time appointed in the will for distribution, and not to the actual fact of distribution.
Mrs. McCunn, therefore, took the half interest in July, 1878, absolutely, and she did not die until July, 1880. It seems to me that Mrs. Gano took nothing under the will, because Mrs. McCunn did survive the period appointed in the will for distribution.
The motion is denied, with ten dollars costs.

 See opinion of Patterson, J., printed at end of this opinion.