### SMITH v. CHESEBROUGH et al.

(Supreme Court, Appellate Division, Second Department. April 13, 1903.)

1. DEVISE IN TRUST—VALIDITY—SUSPENSION OF POWER OF ALIENATION.

A devise to executors to invest the income of the estate until the expiration of two years after testator's death, and then turn over the whole to certain persons to found an orphan asylum, was void as suspending the power of alienation, contrary to Real Property Law, § 32 (Laws 1896, c. 547).

2. SAME—CREATION OF PERPETUITY.

Such devise was not void as creating a trust in perpetuity.

Appeal from Special Term, Richmond County.

Action for partition by Ellsworth C. Smith against Amos S. Chesebrough and others, impleaded with William Cranstoun, as executor of and trustee under the will of Nicholas H. Chesebrough, deceased. From an interlocutory judgment in favor of plaintiff, the executor appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

P. H. Vernon, for appellant.
Paul Eugene Jones, for respondents.

GOODRICH, P. J. The defendant William Cranstoun, as executor and trustee of the last will of Nicholas H. Chesebrough, appeals from an interlocutory judgment entered upon a decision of Mr. Justice Marean at Special Term, in an action for partition of real property in the counties of Richmond and New York, to which all the heirs at law and next of kin of the testator are parties.

At the trial the parties stipulated the following facts: The testator for 30 years maintained a residence and domicile at Summit, N. J., where he died in April, 1899. His will and a codicil thereto were admitted to probate in New Jersey, and are conceded to be valid under the laws of that state for the purpose of the charitable trust therein named. An exemplified copy of the will, codicil, probate, and letters testamentary were recorded in the county of New York pur-

¶ 1. See Perpetuities, vol. 39, Cent. Dig. § 50.

suant to sections 2703 and 2704 of the Code of Civil Procedure, and to an order of the Surrogate, in November, 1899. At the time of his death the testator was seised as owner in fee of two parcels of land, one in Richmond county and the other in New York county, and also of several parcels of land in New Jersey, of the estimated value of $250,000, upon which there were incumbrances of $80,000. He also left personal property of the value of about $30,000, together with an interest in the personal estate of his deceased wife, valued at about $12,000. This personal estate and interest in his wife's estate, which amounted to about $50,000, were not sufficient to pay his personal debts, exclusive of debts secured by mortgage upon real estate. By his will, after making certain specific bequests, the testator gave all the rest of his estate to his wife and Mr. Cranstoun, who were named as executors, in trust to collect the rents, incomes, and interest, and pay the net proceeds to his wife during her life, and upon the further trust to sell the real estate in their discretion, and at his wife's death to assign and transfer all his estate to certain persons named in the will, for the purpose of founding "The Chesebrough Protestant Orphan Asylum" at Summit. His wife having died, the testator, in February, 1899, added a codicil directing Mr. Cranstoun, the surviving executor, to deposit the net income of his estate in some institution until the expiration of two years after the testator's death, and then to pay over the same to the persons above referred to or their survivors, for the purpose already named. The persons named in the will refused to act as trustees, and released to the executor all the right, title, and interest in the testator's estate, and he in turn, as executor, released to himself as trustee all the testator's real property.

The appeal involves the question whether the title of the New York real estate vested at the death of the testator in his heirs at law.

Mr. Justice Marean handed down the following opinion:

"It was determined in Urbauer v. Cranstoun, 60 App. Div. 51, 69 N. Y. Supp. 690, that the power of sale given by the will to the executors was revoked by the codicil. It was there also declared that the trustees, to whom the property was in effect devised after two years, upon a trust in perpetuity for a charitable use, could not convey anything during the two years. The case is clearly within section 32 of the real property law [Laws 1896, c. 547]. The future estate devised to trustees does, by reason of its ·being in trust, suspend the power of alienation for two years. The result is that such devise is void, and the property has descended to the heirs at law in fee. Garvey v. McDevitt, 72 N. Y. 556. It is void only for the reason stated, and not because a trust in perpetuity is created. Allen v. Stevens, 161 N. Y. 122 [55 N. E. 568]."

I have stated the facts merely to show the applicability of the opinion to the facts before us, and there is no necessity for elaboration of the law so succinctly stated by the·learned justice at Special Term.

The interlocutory judgment decrees that the real estate in this state at the death of the testator vested in his heirs, that no other persons were interested therein, and directs the sale thereof. This· interlocutory judgment should be affirmed, with costs to the plaintiff payable out of the estate. All concur.