ELLSWORTH C. SMITH, Respondent, *v.* AMOS S. CHESEBROUGH and
    Others, Respondents, Impleaded with WILLIAM CRANSTOUN, as
    Executor, etc., of NICHOLAS H. CHESEBROUGH, Deceased, Appellant

*Will* — *a direction that the income of real property be deposited until the expiration*
    *of two years after a testator's death and then be paid over, is illegal.*

A resident of the State of New Jersey, who was possessed of lands located in
    the State of New York and in the State of New Jersey, died leaving a will by
    which he gave his residuary estate to his executors in trust to collect the
    income thereof and pay the net proceeds to his wife during her life and upon
    the further trust to sell the real estate in their discretion, and at his wife's
    death to assign and transfer all his estate to certain persons named in the will
    for the purpose of founding an orphan asylum.

The testator's wife having died during his lifetime, he executed a codicil to his
    will directing the surviving executor to deposit the net income of his estate in
    some institution until the expiration of two years after the testator's death, and
    then to pay over the same to the persons above referred to or their survivors
    for the purpose already named.

*Held,* that as the will suspended the power of alienation for two years, it was
    void so far as the testator's New York real estate was concerned, and that such
    real estate descended to the testator's heirs at law in fee.

APPEAL by the defendant, William Cranstoun, as executor, etc.,
of Nicholas H. Chesebrough, deceased, from an interlocutory judg-
ment of the Supreme Court in favor of the plaintiff and of the
defendants Amos S. Chesebrough and others, entered in the office of
the clerk of the county of Richmond on the 24th day of October,
1902, upon the decision of the court rendered after a trial at the
Richmond Special Term.

*P. H. Vernon,* for the appellant.

*Paul Eugene Jones,* for the plaintiff, respondent.

GOODRICH, P. J.:

The defendant William Cranstoun, as executor and trustee of the
last will of Nicholas H. Chesebrough, appeals from an interlocutory
judgment entered upon a decision of Mr. Justice MAREAN at Special
Term in an action for partition of real property in the counties of
Richmond and New York, to which all the heirs at law and next of
kin of the testator are parties. At the trial the parties stipulated
the following facts: The testator for thirty years maintained a resi-

dence and domicile at Summit, N. J., where he died in April, 1899. His will and a codicil thereto were admitted to probate in New Jersey, and are conceded to be valid under the laws of that State for the purpose of the charitable trust therein named. An exemplified copy of the will, codicil, probate and letters testamentary were recorded in the county of New York pursuant to sections 2703 and 2704 of the Code of Civil Procedure and to an order of the surrogate in November, 1899. At the time of his death the testator was seized as owner in fee of two parcels of land, one in Richmond county and the other in New York county, and also of several parcels of land in New Jersey, of the estimated value of $250,000, upon which there were incumbrances of $80,000. He also left personal property of the value of about $30,000, together with an interest in the personal estate of his deceased wife valued at about $12,000. This personal estate and interest in his wife's estate, which amounted to about $50,000, were not sufficient to pay his personal debts exclusive of debts secured by mortgage upon real estate. By his will, after making certain specific bequests, the testator gave all the rest of his estate to his wife and Mr. Cranstoun, who were named as executors, in trust to collect the rents, incomes and interest and pay the net proceeds to his wife during her life, and upon the further trust to sell the real estate in their discretion, and at his wife's death to assign and transfer all his estate to certain persons named in the will, for the purpose of founding " The Chesebrough Protestant Orphan Asylum " at Summit.

His wife having died, the testator, in February, 1899, added a codicil directing Mr. Cranstoun, the surviving executor, to deposit the net income of his estate in some institution until the expiration of two years after the testator's death and then to pay over the same to the persons above referred to or their survivors for the purpose already named. The persons named in the will refused to act as trustees and released to the executor all the right, title and interest in the testator's estate, and he in turn as executor released to himself as trustee all the testator's real property.

The appeal involves the question whether the title of the New York real estate vested at the death of the testator in his heirs at law.

Mr. Justice MAREAN handed down the following opinion : " It

was determined in *Urbauer* v. *Cranstoun* (60 App. Div. 51) that the power of sale given by the will to the executors was revoked by the codicil. It was there also declared that the trustees to whom the property was in effect devised after two years upon a trust in perpetuity for a charitable use could not convey anything during the two years. The case is clearly within section 32 of the Real Property Law*; the future estate devised to trustees does, by reason of its being in trust, suspend the power of alienation for two years. The result is that such devise is void and the property has descended to the heirs at law in fee. (*Garvey* v. *McDevitt*, 72 N. Y. 556.) It is void only for the reason stated and not because a trust in perpetuity is created. (*Allen* v. *Stevens*, 161 N. Y. 122.)"

I have stated the facts merely to show the applicability of the opinion to the facts before us, and there is no necessity for elaboration of the law so succinctly stated by the learned justice at Special Term.

The interlocutory judgment decrees that the real estate in this State at the death of the testator vested in his heirs, that no other persons were interested therein and directs the sale thereof. This interlocutory judgment should be affirmed, with costs to the plaintiff, payable out of the estate.

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Interlocutory judgment affirmed, with costs.

* Laws of 1896, chap. 547.— [REP.