84  671
s 114  367
s 114  371

BETHUEL C. FARRAND ET AL. v. JOHN B. PETIT ET AL.

*Will—Suspension of power of alienation.*

This case involves the construction of a will, certain clauses of which are held to be void for attempting to suspend the power of alienation contrary to the provisions of How. Stat. §§ 5530, 5531.

Appeal from St. Clair. (Canfield, J.) Argued January 16, 1891. Decided February 27, 1891.

Bill for construction of will. Complainants appeal. Affirmed. The facts are stated in the opinion.

*Stevens & Merriam,* for complainants.

*N. E. Thomas,* for defendants.

CHAMPLIN, C. J.   This is a bill filed to obtain the construction of a will.   The facts and the law are sufficiently set forth in the decree of Hon. Arthur L. Canfield, the circuit judge who heard the case below, which we adopt as our opinion in this case, and which reads as follows:

"This cause having been brought on to be heard upon the pleadings filed therein and the proofs taken in open court, and the arguments of H. W. Stevens, of counsel for the complainants, and N. E. Thomas, of counsel for the defendants John B. Petit, Frank B. Petit, Edward Smith, Frederic Smith, and Victoria Gilbert, and guardian *ad litem* and of counsel for the infant defendants, Florence Smith, Franc Smith, Stella Petit, Kennith Petit, Earl Petit, Frances Petit, Katherine Petit, Louisa Petit, and Charlotte Petit.

"And it appearing to the court that Edward Petit, late of the city of Port Huron, in the county of St. Clair, departed this life in the year 1875, testate; and that his last will and testament, and the codicils thereto, as set out in the bill of complaint, were duly proved, admitted to probate, and allowed in the probate court for the county of St. Clair, in the State of Michigan, as and for his last will and testament, on the 8th day of April, 1875.

"That said Edward Petit at the time of his decease was seised of a portion of the west half of the north-west quarter of section fifteen, in town six north, of range seventeen east, in the county of St. Clair, in the State of Michigan, and designated and described in said will as 'My homestead of sixty-five acres.'

"That in and by said will the complainants, Bethuel C. Farrand, Marshal N. Petit, and Louisa Smith, were named as executors and executrix of said will, and by the terms thereof the said testator granted, conveyed, transferred, and set over, in trust for the uses and purposes in said will expressed, all of his property and estate, real and personal, of which he died seised and possessed, the same to be had and held by them in trust as aforesaid, to their successors in said trust, and their assigns forever, giving and granting to said executors and executrix and the survivors of them, or to their successors in said trust, authority and power to sell and deed and convey, according to the true intent and meaning of said will, any and all of the property of his said estate left in their hands by the terms of said will.

"That in and by one of the codicils of said will said testator gave and bequeathed to the defendants Frank B. Petit and John B. Petit, to each, one undivided half of block one hundred and seventy-two of the unrecorded plat, called the 'Petit Plat,' and made by I. D.

Carleton, to have and to hold said block to said Frank and John, their heirs and assigns, forever, to be given to them when they respectively should become twenty-one years of age; that said Frank and John are now both past the ages of twenty-one years, and said executors and executrix have conveyed to said John and Frank the said block; that in and by the same codicil to said will the said testator gave and bequeathed to the complainant Louisa Smith the brick house and block of lots on which the same stands, and in which said testator then lived at the time of his decease; that said block one hundred and seventy-two, and said block of lots on which said house stood, were included in, and were a part of, the land covered and platted by said unrecorded plat, called the 'Petit Plat,' made by I. D. Carleton, and were a part of said west half of said north-west quarter of section fifteen, and the title to said block one hundred and seventy-two and said block of lots has become vested by the terms of said will in the said defendants John B. Petit and Frank B. Petit and the complainant Louisa Smith.

"That all of the remainder owned by said testator of said west half of the north-west quarter of section fifteen remains undisposed of by said will, and goes by law to the heirs of said Edward Petit, deceased, unless the same was disposed of by the sixth and seventh clauses of his said will; that said clauses of said will are in the following language, to wit.:

"'Sixth. The remaining portion of my homestead place of sixty-five acres, not including the house and block of lots on which the same stands, shall (before my executors shall deem it best to have the same cut up into lots and blocks and streets, as herein provided for) be for the use and occupation of my said sons, who shall be entitled to use and occupy the same until the same shall be otherwise disposed of. I direct that, whenever the public good and the best interests of my estate require the same, this portion of my estate shall be laid out and platted into lots, blocks, and streets, and that so many of the lots shall be sold as may be necessary to make a fund, the interest of which will be sufficient to pay the taxes and expense of platting and taking care of the same, and that the remainder thereof shall be kept by my executors for twenty years after my decease, when the same shall be divided and distributed as follows, viz: To the children of my daughter Louisa, one-fourth, to be divided equally between them as they respectively attain the age of twenty-one years, those having attained that age having theirs conveyed to them at that time; to the children of my son Marshal, one-fourth thereof, to be conveyed to them as they respectively become twenty-one years of age; to the children of said Frank Petit, one-fourth thereof, to be conveyed to them in equal shares thereof as they respectively become twenty-one years of age; and to the children of my son John Petit, one-fourth thereof, to be conveyed to them respectively as they become twenty-one years of age; to be had, held, and enjoyed by them, their heirs and assigns, forever.

84 MICH.—43.

"*Seventh.* In case of the death of any of my said sons without issue, and before his portion has been conveyed to him, then, and in that case, the share that has been herein provided for said son shall be equally divided between his surviving brothers and his said sister, Louisa Smith, such share falling to her to be invested for her benefit, and she to receive the use thereof as herein provided for her receiving other portions of my estate; and in case any of my said sons at the expiration of twenty years after my decease shall be living and without issue, then I direct that the portion herein provided to be given to such children shall be conveyed to him, his heirs and assigns, forever. And the said homestead and fourteen lots hereby reserved for the use of the said Louisa during her life-time, including the brick house, after the decease of my said daughter, and after the expiration of the said twenty years after my decease, I direct shall be divided and distributed among the children of my said children in the same way, manner, and proportions as herein provided for the other part of my said homestead, viz: To Louisa's children one-fourth, to Frank's children one-fourth, to Marshal's children one-fourth, and to John's children one-fourth, to be held by them, their heirs and assigns, forever. And if at the time of any such division of the last portion of my said estate any of my said sons are living without issue having been born to them, then that one-fourth of the same shall be conveyed to such of them as shall be in such a case, to be held by them and their heirs and assigns forever.'

"And the court further finds that the complainants are entitled to the relief prayed for in the bill, and to have a construction by this court of said will as prayed for; and in the construction of said will the court finds that the testator, in and by said sixth clause, undertook to suspend the power of alienation of the property therein mentioned for a longer time than is permitted by the statutes of this State, and said clause is therefore void as being contrary to the provisions of sections 5530 and 5531 of Howell's Statutes; and the same is true of said seventh clause of said will, in so far as the same attempts to provide for the disposition of said property.

"That the property mentioned in said sixth and seventh clauses as 'the remaining portion of my homestead place of sixty-five acres,' except the parts thereof given in the other parts of said will to John and Frank and to Louisa, as hereinbefore stated, was not disposed of by said will, and the trust created by said will, in so far as its operation and effect upon said property goes, is void; and that said testator, Edward Petit, deceased, died intestate as to said property, and the same, upon his decease, fell to, and the title thereto, vested in his heirs at law.

"That the heirs at law of said Edward Petit at the time of his decease were the complainants Marshal N. Petit and Louisa Smith, and the defendants John B. Petit and Frank B. Petit, and that the defendants Edward Smith, Frederic Smith, Florence Smith, Franc Smith, Victoria Gilbert, Stella Petit, Kennith Petit, Earl Petit,

Frances Petit, Katherine Petit, Louisa Petit, and Charlotte Petit took and have no interest in or to said property under said will.

" And this court doth therefore order, adjudge, and decree that the said sixth clause of the will of said Edward Petit, deceased, is void, and that the seventh clause of said will, in so far as it relates to the property devised by said sixth clause, is also void and inoperative, and that the trust created in and by said will in favor of the executors and executrix of said will does not affect or extend to the property mentioned in said sixth clause of said will, and said heirs of said Edward Petit took the same as if no trust had been created in and by said will in favor of said executors and executrix.

" And this court doth further order, adjudge, and decree the complainants Marshal N. Petit and Louisa Smith, and the defendants John B. Petit and Frank B. Petit, upon the decease of said Edward Petit, became the owners of all of said land mentioned in the sixth clause of said will, and that the defendants Frederic Smith, Edward Smith, Florence Smith, Franc Smith, Victoria Gilbert, Stella Petit, Kennith Petit, Earl Petit, Frances Petit, Katherine Petit, Louisa Petit, and Charlotte Petit obtained no rights or interest in said land under said will.

" It is the further judgment and decree of the court that the complainants do pay the costs of this suit of the defendants, to be taxed out of the estate of said Edward Petit, deceased, and that all necessary costs and expenses by them incurred in and about this cause be paid and reimbursed to them out of said estate."

The decree of the circuit court is affirmed. The costs of this Court will be paid out of the estate in the hands of the executors, and the record will be remanded to the court below for the enforcement of the decree.

The other Justices concurred.