*In re* RICHARDS' ESTATE.

RICHARDS *v.* STONE.

1. PERPETUITIES—STATUTE AGAINST SUSPENDING POWER OF ALIENATION RELATES SOLELY TO REAL PROPERTY.

   The statute forbidding suspension of power of alienation beyond two lives in being relates solely to real property (3 Comp. Laws 1929, § 12935).

2. TRUSTS—REALTY AND PERSONALTY.

   Testamentary trust making same disposition of realty and personalty is void in its entirety where void as to realty.

3. PERPETUITIES—PURPOSE OF RULE AGAINST PERPETUITIES AND STATUTES ON RESTRAINT OF ALIENATION.

   The rule against perpetuities and statutes prohibiting suspension of the absolute power of alienation for more than two lives in being at the creation of the estate are for the purpose of defeating testator's intention, not to determine it (3 Comp. Laws 1929, §§ 12934, 12935).

4. WILLS—INVALID TRUSTS—RESTRAINTS ON ALIENATION.

Testamentary trust which included realty as well as personalty, based upon a term of years rather than ''during continuance of two lives in being'' and which contained no provisions for termination of the trust prior to the time so fixed, contravenes statute prohibiting suspension of absolute power of alienation and must fail (3 Comp. Laws 1929, §§ 12934, 12935).

5. SAME—SUSPENSION OF POWER OF ALIENATION.

Power of testamentary trustees to sell and dispose of the property as testator himself could have done if living suspends, in law, the power of alienation (3 Comp. Laws 1929, §§ 12934, 12935).

6. SAME—SEPARATION OF VALID FROM INVALID PROVISIONS.

Bequest to person who was not an heir of testator which was entirely separate from disposition made to testator's three children *held*, valid, where it could be carried out entirely independent of the other provisions.

7. SAME—BEQUESTS TO TESTATOR'S CHILDREN—INVALIDATION OF BEQUESTS.

Under petition for construction of will containing outright bequest to testator's daughter of one-third of his property and setting up invalid trust as to remaining two-thirds for testator's sons, bequest to daughter *held*, invalid since it was testator's intention to give her one-third of his property only, not one-third plus a third of portion which must pass as intestate property.

8. SAME—COURT CANNOT MAKE NEW WILLS.

Courts cannot make new wills for testators who have failed to make valid wills for themselves, rather the property should pass by law.

9. SAME—INTENT.

It is the duty of courts to effectuate the intention of the testator as to the disposition of his property, in so far as it is legally possible.

10. COSTS—PARTIAL SUCCESS ON APPEAL.

No costs are awarded where appellants in equity prevail only in part on appeal.

Appeal from Hillsdale; Taylor (Mark D.), J. Submitted January 6, 1938. (Docket No. 52, Calendar No. 39,830.) Decided April 4, 1938.

In the matter of the estate of Norris E. Richards, deceased. On petition of Carleton N. Richards for construction of will and to have certain portions of will declared invalid. Order sustaining will. Petitioner appealed to circuit court. Judgment declaring will invalid. Executors of will of Norris E. Richards, deceased, appeal. Modified and affirmed.

*Fildew & De Gree,* for petitioner.

*Merton Fitzpatrick* and *Kenneth G. Prettie,* for executors.

NORTH, J. This is a petition for the construction of a will admitted to probate in the estate of Norris E. Richards, deceased, who died July 14, 1931, and left surviving him a daughter and two sons as his heirs at law. Petitioner contends that the trust provision in the will is void in that it violates the statute prohibiting restraints on alienation. The probate court held the will and trust valid, but on appeal to the circuit court the trust provision was held void on the ground above noted. It was also held that the invalid trust constituted an integral part of the will, that it could not be separated therefrom, and hence the entire will was void. The executors have appealed.

The pertinent provisions of the will are:

"3.  I hereby give, devise and bequeath to Willard G. Stone the sum of $1,000.

"4.  I hereby give, devise and bequeath to Myrtie B. Stone one-third of my estate absolutely.

"5.  It is my desire that two-thirds of my property be placed in trust for the benefit of my two sons, and by this will I hereby create a trust of two-thirds of all my property, both real and personal of which I may die possessed.

"6. I hereby nominate and appoint Willard G. Stone and Myrtie B. Stone, or the survivor of the two, or their successors, trustees of two-thirds of my said estate, giving them and each of them full power to sell, assign, transfer, reinvest and otherwise hold and dispose of my property the same as I could do if living.

"7. I hereby give, devise and bequeath to Willard G. Stone and Myrtie B. Stone or the survivor of the two, or the successor, two-thirds of all my property, real, personal and mixed, to be by them disposed of as hereafter set forth.

"8. It is my will that said trustees shall use their own judgment and discretion in handling said trust estate.

"9. I further direct my said trustees shall pay one-half of the net income from two-thirds of my estate to each of my said sons, so long as my said sons shall live, and in no case shall any of the principal handled by my trustees be given to any of my sons.

"10. In case of death of one or more of my said sons, then that son's share shall go to his family, this paragraph relates solely to the net income of said estate, distributed between my sons.

"11. It is my will that said above trust created shall cease at the end of 20 years, and at that time two-thirds of my entire estate is hereby given to my sons' children, share and share alike, the children of any deceased child of my sons shall take the same share that the parent would have taken if living.

"12. I hereby appoint Willard G. Stone and Myrtie B. Stone, of Hillsdale, Michigan, executor and executrix of this, my last will and testament."

As disclosed by the inventory the estate consists of real property of the value of $800 and personal property of the value of $56,054. Norris C. Richards, a trust beneficiary under the will and a son of

the testator, died May 19, 1935. His son and an heir at law, Carlton N. Richards, filed the petition for the construction of the will, praying that the testamentary trust be declared invalid. The validity of the trust depends upon whether or not it violates the following statutory provisions:

"Every future estate shall be void in its creation, which shall suspend the absolute power of alienation for a longer period than is prescribed in this chapter; such power of alienation is suspended when there are no persons in being, by whom an absolute fee in possession can be conveyed.

"The absolute power of alienation shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance of two lives in being at the creation of the estate, except in the single case mentioned in the next section." 3 Comp. Laws 1929, §§ 12934, 12935.

The exception just above referred to is not material to the case at bar. Although the above sections are applicable only to real property (*Michigan Trust Co.* v. *Baker,* 226 Mich. 72), they are vital to this trust because both realty and personalty are included in the trust estate. *Gardner* v. *City National Bank & Trust Co.,* 267 Mich. 270. Paragraph 11 of the will provides that the "trust created shall cease at the end of 20 years." There is no provision for termination of the trust prior to the time thus fixed. Consequently the trust is for a fixed term of years rather than for the period of two lives in being as required by the statute.

"The rule against perpetuities is not a rule of construction, but a peremptory demand of law. It is not a test to determine intention,—its object is to defeat intention (citing cases). The same may be said of the statutes, 3 Comp. Laws 1929, §§ 12934, 12935, prohibiting the suspension of the absolute

power of alienation for more than two lives in being at the creation of the estate." *Gardner* v. *City National Bank & Trust Co., supra,* 286.

The trust in question being based upon a term of years rather than "during the continuance of two lives in being" contravenes the statute and necessarily must fail. *Farrand* v. *Petit,* 84 Mich. 671; *State* v. *Holmes,* 115 Mich. 456; *Otis* v. *Arntz,* 198 Mich. 196; *Burke* v. *Central Trust Co.,* 258 Mich. 588.

Appellants contend that since the trustees have the power to sell and dispose of the property as the testator himself could have done if living, there is no restraint on alienation and, therefore, no violation of the statute. And appellants assert this power of sale amounted to an equitable conversion which would turn the realty into personalty and, therefore, the rule against perpetuities should be applied. Neither of these contentions can be sustained under our prior holdings. *Palms* v. *Palms,* 68 Mich. 355; *Grand Rapids Trust Co.* v. *Herbst,* 220 Mich. 321; *Allen* v. *Merrill,* 223 Mich. 467; *Burke* v. *Central Trust Co., supra; Gardner* v. *City National Bank & Trust Co., supra.*

It is also contended by appellants that since only $800 of the trust estate is realty and a much larger proportion is personalty, the two should be separated and the trust held good as to the latter since it does not violate the rule against perpetuities. The fifth clause of the will provides the trust is to consist of "both real and personal (property) of which I may die possessed." The testator made no attempt to discriminate between the two classes of property but instead expressed a definite intention to bulk them together and created a trust applicable to both. The trust expressed in the will cannot be enforced because it is in violation of law; and the

court has no right to establish a trust of a different character and by so doing dispose of testator's property in a manner contrary to his desire.

"If the residuary trust created by the will is void as to the real estate it is void in its entirety. The real estate of the testator as well as his personal property were placed in the residuary trust. It is all made subject to the same disposition. The testator made no distinction between the control and disposition of his real estate and the control and disposition of his personal property, so far as such trust is concerned." *Gardner* v. *City National Bank & Trust Co., supra,* 286.

See, also, *Palms* v. *Palms, supra; Burke* v. *Central Trust Co., supra.*

Section 3 of the will provides for a bequest to Willard G. Stone of $1,000, and section 4 devises and bequeaths to Myrtie B. Stone one-third of testator's estate. The trial judge held the entire will void. He based this conclusion upon the ground that the testamentary trust constituted such an integral part of the disposition made of the testator's estate that it could not be separated from the other provisions of the will without destroying the will in its entirety.

We are not in accord with that portion of the trial court's holding which invalidates the bequest to Willard G. Stone. This part of the will plainly expresses a definite intention of the testator and can be carried out entirely independent of the other provisions of the will. *Dean* v. *Mumford,* 102 Mich. 510; *Grand Rapids Trust Co.* v. *Herbst, supra.*

Notwithstanding the bequest to Willard G. Stone is sustained, that to Myrtie B. Stone must fail. The testator intended she should receive one-third of the estate after the bequest to Willard G. Stone was

paid. In *Gardner* v. *City National Bank & Trust Co., supra,* 293, we said:

"His (testator's) property ought not to be made to pass in a manner he never intended it should pass, by a will made by the court and not by him. Rather it should pass by law."

It is the duty of courts to effectuate the intention of the testator as to the disposition of his property, in so far as it is legally possible. In the instant case Myrtie B. Stone is one of testator's three children. If, except as hereinbefore indicated, the Richards' estate is distributed in the same manner as though it were an intestate estate, Myrtie B. Stone, one of the three children of deceased, will receive one-third of his estate. Such a division is clearly in accord with the intention of deceased, rather than that one-third of his property should pass to Myrtie B. Stone and also one-third of the property included in the invalid trust. For this reason the provision of section 4 of the will as to Myrtie B. Stone must fail with the trust.

The order of the trial court is modified in accordance with this opinion and the case remanded for further proceedings therein. Appellants having prevailed in part only, no costs are awarded.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.